RUSSELL ET AL. *v.* SCHARFE.

[No. 10,658. Filed March 29, 1921. Rehearing denied June 28, 1921.]

1. MUNICIPAL CORPORATIONS.—*Use of Streets.—Duty of Automobile Driver.*—In an action by a pedestrian to recover for personal injuries sustained when struck by an automobile on a city street an instruction that, if the jury found that defendants operated the automobile at a greater rate of speed than a person of ordinary prudence would drive under the same circumstances, without the driver looking ahead or giving reasonable warning of its approach, and that in so doing there was a failure to exercise ordinary care in the operation of such automobile which was the proximate cause of the injuries alleged in the complaint, defendant so operating the automobile would be guilty of negligence, was not erroneous. p. 194.

2. MASTER AND SERVANT.—*Negligence of Servant of General and Special Employer.—Liability.*—In an action for personal injuries, where it appeared that two separate and distinct corporations, engaged independently in the transfer business, mutually co-operated in the transaction of their respective business by using the same office and garage, by turning over transfers of passengers from one to the other, and by making

use of each other's servants at various times, one of such companies was not responsible for the negligence of a driver employed by the other while on his way back to his station after delivering passengers to pick up others for either or both of such companies, where on such return trip he was acting as the servant of his general employer and was subject to its directions and orders, although at times such driver acted temporarily as a driver for the other company. p. 194.

3. EVIDENCE.—Consideration of Evidentiary Facts.—Inferences. —In determining what has been established by the evidence, courts and juries may consider not only the facts directly proved, but also all reasonable inferences that may be properly drawn therefrom, but the rule cannot be applied arbitrarily, and an inference should not be drawn where sufficient facts are wanting, or from facts proven, which are inconsistent with, or repelled by, other facts equally well established, and an inference cannot be said to be reasonable which can only be drawn by a capricious disregard of apparent truthful testimony that in itself is probable and is not at variance with other proved or admitted facts. p. 197.

From Hancock Circuit Court; *Jonas P. Walker*, Judge.

Action by Ruth Scharfe against George Russell, the Frank Bird Transfer Company and others. From a judgment for plaintiff, the defendants appeal. Reversed as to the company named, and affirmed as to all other defendants.

*William N. Harding, William A. Hough* and *Samuel J. Offutt,* for appellants.

*Charles L. Tindall* and *Joseph Collier,* for appellee.

BATMAN, J.—Appellee commenced this action against George Russell, John E. Morand, the Frank Bird Transfer Company and the Indianapolis Transfer Company to recover damages for personal injuries, alleged to have been inflicted by reason of their negligence. During the progress of the trial the cause was dismissed as to said Morand, but was prosecuted to final judgment against the remaining defendants. The complaint is in. five paragraphs, the first of which charges that the de-

fendants negligently caused and suffered an automobile in their charge, not sufficiently equipped with proper braking devices, to collide with appellee, as she was crossing one of the streets of the city of Indianapolis, whereby she was violently thrown to the pavement and permanently injured; that her said injuries were the direct and proximate result of the said negligent acts of the defendants, and by reason of which she sustained damages in the sum of $5,000. The remaining paragraphs were substantially the same as the first, except as to the acts of negligence charged. In the second paragraph it is charged that the automobile was "not equipped with two illuminated lamps on the front end thereof." In the third paragraph it was alleged that the automobile was "not sufficiently equipped with a horn or other signaling device, reasonably sufficient to give warning of the approach thereof." The negligence charged in the fourth paragraph is based on an excessive rate of speed, under the circumstances described therein. The fifth paragraph charges excessive speed, failure to observe the street ahead and to give warning of the approach of the automobile, and neglect in applying the brakes thereof, in order to stop or check its speed. Issues were joined on each of said paragraphs of complaint by an answer in general denial. The cause was submitted to a jury for trial, resulting in a verdict and judgment in favor of appellee, and against said George Russell and each of said transfer companies, in the sum of $1,400. Each of said companies filed separate motions for a new trial, which were overruled, and the action of the court in making each of said rulings, is separately and severally assigned as error on appeal.

Appellee seeks to avoid a consideration of this appeal on its merits, by asserting that the evidence is not in the record. This contention, however, is not well

taken.  *Gish* v. *Gish* (1893), 7 Ind. App. 104, 34 N. E. 305.   The same is true of appellant's contentions, that the evidence shows that appellee was guilty of contributory negligence, and that the amount of damages assessed in her favor are excessive.  *Watt* v. *Mishawaka Paper, etc., Co.* (1913), 53 Ind. App. 682, 99 N. E. 1029; *Terre Haute, etc., Traction Co.* v. *Maberry* (1913), 52 Ind. App. 114, 100 N. E. 401.

Appellants complain of the action of the court in giving instruction No. 28.   While this instruction was not as carefully drawn as it should have been, still

1.   it may be fairly construed as informing the jury, that if it found that appellants or either of them operated the automobile over and upon the public street of the city of Indianapolis, on the occasion in question, at a greater rate of speed than a person of ordinary prudence would drive the same under the circumstances, without the driver thereof looking ahead or giving reasonable warning of its approach, and that in so doing there was a failure to exercise ordinary care in the operation of such automobile, which was the proximate cause of the injuries alleged in appellee's fifth paragraph of complaint, the appellant so operating said automobile would be guilty of negligence.   When so construed the instruction may be readily distinguished from the one held to be erroneous, in the case of *Martin* v. *Lilly* (1919), 188 Ind. 139, 121 N. E. 443, cited by appellants.   The court did not err in giving said instruction.

Appellants finally contend that the decision of the court that George Russell, the driver of the cab which struck and injured appellee, was a servant of the

2.   Frank Bird Transfer Company at the time of the infliction of such injuries, is not sustained by sufficient evidence.   The following facts, bearing on such contention, are clearly established by undisputed

evidence.    At the time of the accident in question, and for some time prior thereto, appellants, the Frank Bird Transfer Company and the Indianapolis Transfer Company, hereinafter designated as the Bird company and the Indianapolis company, respectively, were separate and distinct corporations, engaged independently in the transfer business in the city of Indianapolis.    Said companies maintained friendly relations, which resulted in mutual co-operation in the transaction of their respective businesses, consisting chiefly in using the same office and garage, in having the same employes receive business calls over the telephone and keep their respective books, and in turning over business from one to the other, or in making use of each other's servants, under certain circumstances.    The said Russell, at and prior to the occasion in question, was employed by the Indianapolis company, worked under its directions, and was paid by it for services so rendered, but at times made transfers of passengers, turned over to him by said Bird company, by means of the cab furnished him by his general employer.    The evidence does not make it entirely clear whether the transfers of passengers, so turned over to him by the Bird company, were made by him as the servant of the Indianapolis company, under his general employment; or as the temporary servant of said Bird company under a special employment.    However, we do not think this is material, in view of the conclusion we have reached.    The undisputed evidence shows that the said Russell, at the time of the infliction of the injuries in question, was returning to his stand at the Union Railroad Station, after he had delivered a passenger secured for him by an agent of the Indianapolis company, in order to be ready for further service in the transfer of passengers.    It thus appears that in so doing he was in the discharge of a duty which he owed his general employer, and

that there would be no grounds for holding the Bird company liable for any act of negligence on his part, in driving the cab on such return trip. Appellee asserts, however, that since said Russell, under the evidence, was returning to his stand at the station to receive a passenger from the agent of either of said companies, depending on which should call him first, he must be held to have been the servant of each in so doing. This contention is not a reasonable one under the evidence. It seems to be clear as we have hereinbefore stated, that the said Russell was in the general employment of said Indianapolis company, although at times he may have become the temporary servant of the Bird company in the delivery of passengers, under some special arrangement. In such event, when he had delivered such passengers for such company, he would have discharged his full duty toward it in that regard, and it would be his duty, under his general employment by the Indianapolis company, to return to his stand at the station to be ready for further service, regardless of which of said companies might furnish the next passenger. This must be true, as it is quite apparent that the Indianapolis company would have had the right to direct him, on completing any special delivery on behalf of the Bird company, to make a trip for it (the Indianapolis company) under his general employment, without returning to his stand at the station, or to take his cab to the shop for repairs, or to return to the office to receive the amount of his wages, in the event it desired to discharge him, despite any protest on the part of said Bird company. It would thus appear that on all return trips, the said Russell was acting as the servant of his general employer, the Indianapolis company, regardless of who may have been his master on the outgoing portion of any particular trip.

Appellee has cited certain circumstances disclosed by

the evidence, which she asserts warranted the jury in drawing an inference, that said companies were 3. so far engaged in a joint enterprise, as to make said Russell a servant of each of them on the occasion in question. We cannot concur in this contention. We are not unmindful of the settled rule, that in determining what has been established by the evidence courts and juries may consider not only the facts directly proved, but also all reasonable inferences that may be properly drawn therefrom. However, this rule cannot be applied arbitrarily, but judgment must be exercised in so doing, in accordance with correct and common modes of reasoning. An inference should not be drawn where sufficient facts are wanting, or from facts proved, which are inconsistent with, or repelled by, other facts equally well established. An inference cannot be said to be reasonable, which can only be drawn by a capricious disregard of apparent truthful testimony, that is in itself probable, and is not at variance with other proved or admitted facts. 17 Cyc 820; *Cunard, etc., Co.* v. *Kelley* (1903), 126 Fed. 610, 61 C. C. A. 532; *Heh* v. *Consolidated Gas Co.* (1902), 201 Pa. 443, 50 Atl. 994, 88 Am. St. 819; *Lonzer* v. *Lehigh, etc., R. Co.* (1900), 196 Pa. 610, 46 Atl. 937. An application of these rules leads us to conclude that appellee's contention is not well taken.

For the reasons stated, the judgment is affirmed as to all appellants, except the Frank Bird Transfer Company, and as to it, the judgment is reversed with instructions to sustain its motion for a new trial. The costs to be adjudged, one-half against appellants, other than the Frank Bird Transfer Company, and one-half against appellee.