### PIONEER COAL COMPANY *v.* HARDESTY ET AL.

[No. 11,247. Filed December 21, 1921.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Proceedings for Compensation.—Burden of Proof.*—In a proceeding under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), the applicant has the burden of establishing each fact necessary to a legal award of compensation, and, such facts must be based upon something more than mere guess, conjecture, surmise or possibility. p. 207.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Award of Compensation.—Evidence.—Sufficiency.*—In a proceedings for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918) for the death of a night watchman who died as a result of wounds inflicted by an unknown assailant, evidence *held* insufficient to sustain a finding that deceased received his injuries in an accident arising out of his employment. p. 207.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Injuries by Accident Arising out of Employment.—Proof by Circumstantial Evidence.*—In a proceeding for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), the fact that an **injured** workman, who died as a result of an assault, received his injuries by accident arising out of his employment may be established by circumstantial evidence. p. 207.

4. MASTER AND SERVANT.—*Injuries to Servant.—Workmen's Compensation Act.—Findings of Industrial Board.—Conclusiveness.*—A finding of the Industrial Board must be sustained on appeal if the facts proved, considered in connection with the reasonable inferences which may be drawn therefrom, will support it. p. 208.

5. EVIDENCES.—*Inferences.—When Warranted.—Reasonable Inference.*—An inference should not be drawn where insufficient

facts are wanting, or from facts proved which are inconsistent with, or repelled by other facts equally well established, and an inference cannot be said to be reasonable which can only be drawn by a capricious disregard of apparent truthful testimony that is in itself probable, and is not at variance with other proved or admitted facts. p. 208.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Erma Hardesty and others against the Pioneer Coal Company. From an award for applicants, the defendant appeals. *Reversed.*

*Elmer E. Stevenson,* for appellant.

*E. E. Perry* and *J. M. Haley,* for appellees.

BATMAN, P. J.—This appeal involves an award of compensation in favor of appellees. Appellant challenges the sufficiency of the evidence to sustain the finding that Asa Hardesty, the husband of Erma Hardesty and the father of the remaining appellees, received personal injuries from an accident, *arising out of his employment* by appellant, from which he died. The undisputed evidence establishes the following facts. On January 7, 1921, and for a week prior thereto, Asa Hardesty was in the employ of appellant as a night watchman at its coal yard, which covered a considerable area. There was an office building on the yard, and coal, sewer pipe, horse feed, etc., were stored at various places thereon. Near the center of the yard, and about 200 feet from the office building, was a small one story shanty, containing two rooms, which was used by the night watchman as a place of shelter and to warm himself. None of the coal was close to the shanty, as it was piled near the outside of the yard, some of it being as much as 400 or 500 feet therefrom. The front room contained a stove and some benches and chairs, and the rear room was used for keeping repairs for harness. Hardesty was the only person whose duty required him

to be at the yard during the night.   He was required to feed the horses kept on the premises early in the morning, in order to have them ready for use when the other employes came to work.   On the morning of the day named, one of said employes came to the yard early, and not seeing Hardesty, looked about to find him.   He entered the shanty and found him in the rear room, unconscious but still alive.   He had been seriously injured by being struck on the head, and was covered with dirt and blood.   He had evidently been struck with a piece of a singletree, which was found in the shanty with blood on it.   This weapon did not belong there, but had been brought in from the outside.   The stove was partly tipped over, its pipe was down, the benches were upset, the harness was pulled from the wall, blood was spattered on various objects, giving evidence of a fierce struggle.   Hardesty was removed to a hospital where he died two days later, without regaining consciousness.

In determining the question presented by this appeal we must bear in mind, that the burden of establishing each fact necessary to a legal award of compensation rests on the applicants.   *Haskell, etc., Car Co.* v. *Brown* (1917), 67 Ind. App. 178, 117 N. E. 555; *Hege & Co.* v. *Thompkins* (1919), 69 Ind. App. 273, 121 N. E. 677.   Also that such facts must be based on something more than mere guess, conjecture, surmise or possibility.   *Swing* v. *Kokomo, etc., Co.* (1919), 75 Ind. App. 124, 125 N. E. 471; *St. Louis, etc., Co.* v. *Industrial Commission* (1921), 298 Ill. 272, 131 N. E. 617.

In the instant case there is no evidence from any witness as to who inflicted the fatal injuries on the decedent, or why they were inflicted.   No one testified that he was assaulted because he was the watchman on duty, or that he was injured in the defense of his employer's property, or by reason of any other fact connected with the service in which he was engaged.

This however, does not necessarily preclude a finding that the decedent received his injuries by accident arising out of his employment, as that fact may be established by circumstantial evidence. Recognizing this, we have carefully reviewed the evidence, and considered appellees' brief, in an effort to find some substantial circumstance which would support such finding, but our efforts have been unsuccessful. In fact the surrounding circumstances are opposed to such finding. The injury was not inflicted in the office building where appellant's safe was located, or out in the yards where the coal, feed, etc., were stored, but in a shanty where nothing of substantial value was kept. The place where the struggle occurred does not indicate that the decedent had surprised his assailant in some felonious act. It rather indicates that his assailant had sought him out, and entered the shanty for the purpose of inflicting an injury upon him. The finding of a deadly weapon with blood upon it, which had been carried into the shanty from the outside, is strong evidence of that fact. This conclusion is further supported by the fact that no evidence of any theft, or attempted theft, could be found. To these circumstances may be added those which point to a motive for the assault, in no way connected with the services he was performing for appellant. In view of these facts, and the rule stated above, we are forced to the conclusion that there is no substantial evidence to sustain the finding under consideration.

In reaching this conclusion we have not been unmindful of the rule, that a finding of the Industrial Board must be sustained if the facts proven, taken in connection with the reasonable inferences which may be drawn therefrom, will sustain the same. This rule, however, cannot be applied arbitrarily, but judgment must be exercised in so doing, in accordance with correct and common modes of reasoning. As said

by this court in a recent decision: "An inference should not be drawn where sufficient facts are wanting, or from facts proven, which are inconsistent with, or repelled by, other facts equally well established. An inference cannot be said to be reasonable which can only be drawn by a capricious disregard of apparent truthful testimony that is in itself probable, and is not at variance with other proved or admitted facts." *Russell* v. *Scharfe* (1921), 76 Ind. App. 191, 130 N. E. 437. Failing to find any evidence to sustain the finding challenged, the award is reversed.