SPICKELMIER FUEL AND SUPPLY COMPANY v. THOMAS
ET AL.

[No. 11,927. Filed June 26, 1924.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Injury Aising Out of Employment.—Evidence Must Sustain Finding.*—In the absence of any evidence to sustain the finding of the Industrial Board that the injuries arose out of and in the course of the employment, an award of compensation to an injured employee cannot be sustained.  p. 607.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Oral Contract of Employment.—Industrial Board Determines Intent of Parties.*—In proceedings against employer of independent contractor for compensation for the death of latter's employee, where the contract between the contractor and his employer was verbal, it was the duty of the Industrial Board to determine from the evidence before it the intent of the parties and give it effect.  p. 607.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal.—Finding Sustained if Any Evidence.*—On appeal from an award of the Industrial Board, its finding will be sustained if there is any evidence to support it.  p. 607.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Injury Arising Out of Employment.—Delivery of Equipment to Place of Employment.*—Where a party contracts to perform work requiring the use of equipment, it will be assumed, in the absence of proof of an established custom or contractual provision to the contrary, that he must furnish and deliver such

equipment on the premises where it is to be used at his own cost and risk, preparatory to the discharge of his contract. p. 607.

5. MASTER AND SERVANT.—*Workmen's Compensation Act.—Industrial Board's Finding.—Not Sustained by Evidence.*—A finding by the Industrial Board that injured employee's employers contracted with another to make trips to the latter's premises to see whether there was any hauling to do, and that the injury received while driving a truck to said premises, arose out of the employment, *held* not sustained by any evidence. p. 607.

6. EVIDENCE.—*Inferences.—When May be Drawn.*—Inferences may be drawn from the facts proved, but only when they are reasonable and in accordance with correct and common modes of reasoning. p. 609.

7. CONTRACTS.—*Meaning and Intent.—Speculation as to Forbidden.*—A court, in determining the meaning of an indefinite or ambiguous contract, cannot speculate as to its meaning and the intent of the parties, and attribute a meaning not disclosed by the language used or by any practical construction placed thereon by the parties. p. 609.

From the Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Helen Thomas and others, for compensation for death of Joseph Thomas, employee, opposed by Spickelmier Fuel and Supply Company and others. From an award for claimants, the defendants appeal. *Reversed.*

*Charles E. Henderson* and *C. C. Wysong,* for appellant.

*Riley B. Fullen,* for appellees.

BATMAN, J.—The Industrial Board awarded appellees compensation against appellant, and Thayer and Lay, based on a finding, which, in part, is as follows: "And the full Board * * * finds that on the 17th day of August, 1923 one Joseph Thomas was in the employment of the defendants, * * * Thayer & Lay, at an average weekly wage of $20; that on said date the said Joseph Thomas received a personal injury by an accident arising out of and in the course of his

employment, which resulted in his death on the 18th day of August, 1923; * * * *that at the time of the injury and death of the said Joseph Thomas the defendants, Thayer & Lay, were performing work for the defendant Spickelmier Fuel & Supply Co., under a verbal contract; that the said Joseph Thomas was working upon said work and received his injury and death by an accident arising out of and in the course of his employment upon said work;* that at the time of the injury and death of the said Joseph Thomas the said Thayer & Lay had not complied with section 68 of the Indiana Workmen's Compensation Act; that the Spickelmier Fuel & Supply Co. did not exact from Thayer & Lay a certificate from the Industrial Board of Indiana certifying that the said Thayer & Lay had complied with section 68 of said Act." (Our italics.) Appellant by this appeal challenges the sufficiency of the evidence to sustain the finding.

The portion of the finding which we have italicized in the quotation above was evidently made for the purpose of bringing the case within the provisions of §14 of the Workmen's Compensation Act, as amended in 1919, Acts 1919 p. 158, §8020x Burns' Supp. 1921, which reads in part as follows: "The state, any political division thereof, any municipal corporation, any corporation, partnership or person, contracting for the performance of any work without exacting from the contractor a certificate from the industrial board showing that such contractor has complied with section 68 of this act, shall be liable to the same extent as the contractor for compensation, physician's fees, hospital fees, nurse's charges, and burial expenses on account of the injury or death of any employee of such contractor, due to an accident arising out of and in the course of the performance of the work covered by such contract."

Appellant contends that there is no evidence to sustain said italicised portion of the finding, and therefore, the award against it was unauthorized. Appellant's contention as to the effect of the absence of any such evidence must be sustained, and hence we proceed to determine the fact as to its existence. The undisputed evidence shows that appellant had a verbal contract with Thayer and Lay, under which they were to do hauling for it with a truck, at an agreed price per piece, ton or hundred; that 'Thayer and Lay employed the decedent to drive the truck which they used in doing such hauling; that appellant paid Thayer and Lay for such work, and they, in turn, paid the decedent for driving the truck; that the decedent sustained the injuries from which he died while driving the truck from the place where it was kept when not in use to appellant's premises, for the purpose of doing hauling under the contract which his employers had with appellant; that he received such injuries early one morning, before he had reached the premises of appellant, and before he had done any hauling for it on that day. The evidence clearly shows that the decedent was an employee of said Thayer and Lay, and not of appellant, at the time he received his injuries, and there is no contention to the contrary. But, does it show that he was performing work for his employers, at such time, under their contract with appellant, as stated in the finding? That is the decisive question. The contract involved grew out of a conversation between Mr. Thayer and Mr. Spickelmier, a representative of appellant, and was never reduced to writing. Its terms, therefore, are not as clear and explicit as they might otherwise have been. It was, however, the duty of the Industrial Board to determine from the language used the intention of the parties and give it effect. This it attempted to do, and evidently found that appellant contracted

with the employers of the decedent to make trips to their premises, from time to time, to see if they had any hauling for them to do, as well as to actually do such hauling after arrival at their premises. This finding, under the well-established rule, must be sustained if there is any evidence to support it. Turning now to the evidence in this regard, we find that Mr. Spickelmier testified, in substance, as follows: Some time in August, 1923, we entered into a hauling contract with Thayer and Lay. Thayer came to me and wanted to do our hauling. I told him I did not know that we could furnish material for steady hauling. He said they had two trucks, and when we had enough work, they would send both of them. I told him I did not think we would have enough for both—did not think we would have enough for one at that time. He said if we did not have enough work for them, they would find other work. I told them to send the truck down to our yards, and we would furnish them what hauling we had. The witness also testified that thereafter Thayer and Lay sent a truck to their yards and did hauling for them. "They furnished the truck and driver and we paid them an agreed price per piece. The hauling was not steady. Some days they did not haul any for us, as there would be no work for them, and sometimes they would get through by nine or ten o'clock, or at noon. Some days the truck would not come at all. Do not know whether there was any hauling for them on the day of the accident." Mr. Thayer did not testify as a witness, and no other evidence given, as disclosed by the briefs, tends to contradict these facts, or to show that the contract contained any other provision. Where a party contracts to perform work requiring the use of equipment, it will always be assumed, in the absence of proof of an established custom, or a provision in the contract to the contrary, that such

party must furnish and deliver such equipment on the premises where it is to be used, at his own risk and cost, as an act preparatory to the discharge of his contract. In the instant case, there was no attempt to prove any established custom in this regard, and the evidence does not disclose any provision, either expressly stated or arising from fair implication, that Thayer and Lay were to take their truck from its place of storage to the premises of appellant as a part of their contract.

Appellee, in an effort to sustain the award, has directed our attention to the statement of the witness Spickelmier, set out above as follows: "I told them to send the truck down to our yards and we would furnish them what hauling we had", and to the decisions which hold that a finding may be sustained by inferences alone. These decisions state the rule correctly, but it should be borne in mind that an inference to serve such purpose must be reasonable, and must be drawn from facts which the evidence tends to establish. They cannot be arbitrarily drawn, but judgment must be exercised in so doing, in accordance with correct and common modes of reasoning. *Russell* v. *Scharfe* (1921), 76 Ind. App. 191; *Pioneer Coal Co.* v. *Hardesty* (1921), 77 Ind. App. 205, 133 N. E. 398. In our opinion, the statement quoted above, when considered in connection with the other facts proved, can only be properly construed as an invitation by appellant to Thayer and Lay to send their truck down to their yards, so that they might be prepared to do their hauling, if they had any to be done, and not as an act done in the performance of the work covered by their contract. In other words, that the hauling was "the performance of the work covered by such contract", which fell within the provisions of said §14 of the Workmen's Compensation Act, §8020l *et seq.* Burns'

Supp. 1921, Acts 1915 p. 392, and not the preparatory act of the decedent's employers in going to the premises where the hauling was to be done, or, at least, was to originate. Such statement standing alone, or considered in connection with any other fact which the evidence tends to establish, is not subject to the inference for which appellee contends, or any other inference which warrants the particular finding under consideration. To hold otherwise would require that we enter into a speculation as to the intention of the parties, and attribute a meaning to their contract not disclosed by the language used or by any practical construction placed thereon by the parties. This we may not do under the established rules. For the reason stated, we hold that the finding of facts is not sustained by the evidence, and that the award should be, and is hereby, reversed.

Remy, J., dissents.