ALEXANDRIA METAL PRODUCTS COMPANY *v.* NEWSOME.
[No. 14,888. Filed May 10, 1933. Rehearing denied September 28, 1933.]

*W. E. Hart* and *Bagot, Free & Morrow,* for appellant.

*J. E. Hall, J. C. Marshall* and *Keltner, Mays & Johnson,* for appellee.

BRIDWELL, J.—This appeal is from an award made by a majority of the full Industrial Board of Indiana in favor of appellee as an alleged dependent of one Gaston Newsome, now deceased.

On the night of March 2, 1932, the said decedent was an employee of appellant acting as night watchman at

its factory, and on that night he was killed, his death being caused by a bullet wound inflicted by an unknown assailant.

The error assigned and relied upon for reversal is that the award is contrary to law.

Appellant admits the employment but contends that the evidence is not sufficient to prove that the death was the result of an accident arising out of and in the course of the employment or to establish dependency of appellee.

The finding of facts made by the board is sufficient to sustain the award and the only question presented is as to the sufficiency of the evidence to sustain the finding of facts.

The only evidence relevant to the death of the decedent, or the manner in which he met his death, is as follows: Between ten-thirty and eleven o'clock on the night of said March 2nd, the police of the city of Alexandria were notified by telephone that there had been "some shooting" at the plant of appellant, and two police officers, within two or three minutes after the telephone call had been received, arrived at the factory of appellant where they discovered the deceased lying on the floor of appellant's office, dying from the effect of a bullet wound which he had received. No person, other than the deceased, was present when the officers arrived. A doctor and an ambulance were called but death occurred before the doctor reached the factory, and, so far as the record discloses the deceased died without speaking. His body was taken to the morgue and thereafter a coroner's inquest held, resulting in a verdict of homicide. There is also evidence to establish that the office building of appellant where decedent was found was located "some feet" back from a fence along the property line of the factory; that the deceased was employed as a night watchman for the factory on the night of his

death; that there was a "railing" in the office with a gate through which any person would pass in going into the inner office, and decedent, when found by the police, was lying on his back in the "inner office" with his feet through the railing; that a thirty-two automatic gun, with its magazine full of loaded shells, was about a foot from his left hand; that several investigations have been made in an effort to learn who killed the deceased, but nothing has been discovered concerning the matter.

In determining the question presented we must bear in mind that the burden of establishing each fact necessary to a legal award of compensation rests upon the person, or persons, seeking such compensation, and such burden must be discharged by proof of facts, and the finding of facts must be based on something more than mere guess, conjecture, surmise or possibility. *Milholland Sales, etc., Co.* v. *Griffiths* (1931), 94 Ind. App. 62, 178 N. E. 458; *Pioneer Coal Co.* v. *Hardesty* (1921), 77 Ind. App. 205, 133 N. E. 398; *Swing* v. *Kokomo Steel, etc., Co.* (1919), 75 Ind. App. 124, 125 N. E. 471.

In reversing the case of *Pioneer Coal Co.* v. *Hardesty, supra,* where compensation had been awarded the dependents of a night watchman killed while on duty, this court said: "In the instant case there is no evidence from any witness as to who inflicted the fatal injuries on the decedent, or why they were inflicted. No one testified that he was assaulted because he was the watchman on duty, or that he was injured in the defense of his employer's property, or by reason of any other fact connected with the service in which he was engaged." This quoted expression is peculiarly applicable to the case now considered. Recognizing, however, that direct evidence to establish the facts essential to a finding that death was the result of an accident arising out of the employment is not neces-

sary, we have reviewed the evidence in an effort to find proof of some substantial circumstance which would support such finding, but have failed to find any such supporting evidence. The record shows nothing more than has heretofore been stated relative to the death and the cause thereof. There is no evidence of any entry on the premises, lawful or otherwise, by any person; no evidence of any theft, attempted theft, or molestation of any of the employer's property; no evidence as to whether the office, where decedent was found fatally injured, contained any safe where money or other valuable papers or securities were kept; nothing to show the kind or character of property belonging to the employer and located on the premises; no proof of any fact that would tend to show who fired the fatal shot or why. It may be that some prowler or thief committed the deed, but there is no evidence indicating that this is true unless it be said that the mere fact that the shot was fired and the wound inflicted, is sufficient. It is a possibility, but it is not established. We could only guess that such is the fact. In view of the facts as disclosed by the record, and the law as hereinbefore stated, we have reached the conclusion that there is no evidence of any probative force to sustain the finding under consideration. This being true it is unnecessary to determine as to whether the evidence is sufficient to sustain the finding on the question of dependency.

Award reversed with instructions to vacate and set aside the award heretofore made, and for further proceedings not inconsistent with this opinion, at the option of the appellee.