FISHER *v.* CITY OF DECATUR ET AL.

[No. 15,326. Filed December 7, 1934. Rehearing denied February 15, 1935.]

*Herman H. Meyers* and *Clark J. Lutz*, for appellant.

*Herman L. McCray, Edward J. Boleman, Burrell Wright* and *Jacob S. White*, for appellees.

KIME, J.—Appellant filed an application with the Industrial Board to recover compensation arising out of the death of her husband, who was drowned while in the employ of the appellee city. The parties stipulated that the appellant's decedent was in the employ of the appellee city at an average weekly wage of $30.00; that appellant was his sole and only dependent, leaving the only question to be determined by the board, whether or not the accident arose out of and in the course of the employment.

A majority of the members of the full Industrial Board found that the death of appellant's decedent was not due to any accidental injury arising out of or in the course of his employment and entered an award for the appellees. This appeal followed and the error relied on for reversal is that the award of the full Industrial Board is contrary to law.

The *controlling evidence* shows, without dispute, that decedent, Fisher, was the commissioner of streets in the City of Decatur and that his duties were to take care of all the streets and parks; that on the night of September 5, 1933, he attended a council meeting, as it was his duty to do, and there received instructions from the committee, directly in charge of the work he did, and also from the mayor of the city, who had authority to give him orders directly. At this council meeting the director of the swimming pool advised the council that the pool was closed for the year and it was brought to the council's attention that there was a hole in the wire fence surrounding the

pool and the council ordered the decedent to inspect the fence and to take care of this particular hole in the fence. It was agreed that he would look after it the first thing on the morning of September 6th. On the morning of September 6th decedent met the mayor of the city at 4:00 o'clock to take care of some business not directly connected with the city's affairs, so far as the testimony shows; that he left the mayor at about 5:00 o'clock and went to the city garage where he was to meet his various subordinates to give them instructions relative to the work to be done on that particular day. He was seen driving up to the garage about 5:30 o'clock A. M. and the next that was heard from him was a cry for help a few moments later. He was discovered in the spray pool and was thrown a board which he failed to grasp and was subsequently drowned.

The evidence also disclosed that the city owned some gold fish, which were kept in a pool adjacent to the spray pool where decedent was drowned. It was his duty to feed these fish at such times as they needed feeding; that he did this personally and did not, at any time, delegate such duty to any of his subordinates. That the only way to secure entrance to the pool in which the gold fish were kept or the swimming pool was through an opening in the fence on one side of the spray pool, which necessitated walking along one side of the spray pool. The walk, in the vicinity of the place where appellant's decedent was discovered, in the water, was very slippery, due to the spray being thrown thereon by the wind; that the depth of the pool, where decedent was discovered, was some seven feet deep. It needs no citation of authority to say that the court will not weigh the evidence. However, where there is uncontradicted controlling evidence from which only one presumption may be drawn and the Industrial

Board draws a contrary one such award is contrary to law. This is the situation here.

Whether decedent was inside the enclosure for the purpose of feeding the city's gold fish or for the purpose of inspecting the fence, which needed repairing, is immaterial. He was where his duty called him and where he had a right to be and under the instructions given him should have been. Where an employee is charged with the performance of a specific duty and is found injured at a place where such duty called him, there is a legal presumption that he was injured as the result of and in the course of his employment. *Czuczko* v. *Golden-Gary Co., Inc.* (1931), 94 Ind. App. 47, 179 N. E. 19.

The appellees insist that this evidence is conflicting and cite instances thereof in their brief to sustain them. There was much incompetent and immaterial evidence introduced in this hearing, but the evidence upon the necessary issues involved was not contradicted in any way and merely because there may appear some conflicting evidence concerning a point not necessarily in issue is certainly no reason for sustaining the Industrial Board.

Considering the character of the employment of the deceased, his habit or custom of being at his employer's plant, morning after morning before the hours of six o'clock for the purpose of outlining his day's assignments to the employees of the street and park departments, his early hours of labor on the streets, his constant care in the propagation of the city fish, constitutes overwhelming evidence that at the time of his death he was on his master's premises for the purpose of performing a duty necessary to his employment. However, notwithstanding all of these clearly established facts, there was in addition, a specific order, to the deceased, from the city council not more than

ten hours prior to decedent's death, for him to do a specific thing at the city plant without delay. "An accident is said to arise out of the employment when there is a casual connection between it and the performance of some service of the employment. The casual relation is established when the accident is shown to have arisen out of a risk which a reasonable person might have comprehended as incidental to the employment at the time of entering into the employment, or when the evidence shows an incidental connection between the conditions under which the employee works and his resulting injury." *Empire Health and Accident Ins. Co.* v. *Purcell* (1921), 76 Ind. App. 551, 132 N. E. 664.

If there is any question as to whether or not the case of *Alexandria Metal Products Co.* v. *Newsome* (1933), 97 Ind. App. 420, 422, 185 N. E. 520, is controlling here we can effectively distinguish that case from the case at bar because in that case the court said "No one testified that he was assaulted because he was the watchman on duty, or that he was injured in the defense of his employer's property, or *by reason of any other fact connected with the service in which he was engaged.*" In the case at bar all the evidence without contradiction says that he was drowned because he was then engaged in doing one of two things directly connected with the service which he was employed to perform. The Newsome case goes even farther than this and says that direct evidence to establish these facts is not necessary, which proposition we here again affirm. There is enough direct evidence for the board to draw only one logical conclusion and that is that the accident arose out of and in the course of the employment.

The question was not presented nor do we decide whether or not Fisher, as a commissioner of streets, was or was not an officer of the city.

The award of the full Industrial Board is reversed

with instructions to enter an award in favor of the appellant for $100.00 for burial expenses and compensation at $16.50 per week for 300 weeks, beginning with the 14th day of September, 1933. Said sum of $100.00 and a lump sum for the amount of compensation due from the above date to the date of the entering of the award in favor of appellant, by the Industrial Board, under this opinion, shall be paid to appellant at once, and the compensation for the balance of said 300-week period shall be paid to appellant weekly, but not to exceed the period fixed by law.

Dudine, P. J., concurs in result. Smith, C. J., dissents.