NATIONAL-HELFRICH POTTERIES CO. *v.* COLLAR

[No. 16,452. Filed November 29, 1939.]

*Slaymaker, Merrell & Locke,* and *L. A. Shaner,* for appellant.

*Forrest M. Condit,* for appellee.

DUDINE, J.—This is an appeal from an award of the Industrial Board which granted appellee compensation as the dependent widow of Arthur Collar, de-

ceased.

The Industrial Board found among other facts "that on March 28, 1938, while in the employ of the defendant (appellant here) . . . Arthur Collar suffered an injury as the result of an accident arising out of and in the course of his employment, . . . which said accidental injury resulted in the death of said Arthur Collar . . . ''.

On appeal appellant has assigned as error that the award is contrary to law.

The controlling question presented upon appeal is whether or not the evidence sustains the finding of the Industrial Board that decedent suffered an injury as the result of an accident *arising out of* and in the course of *his employment,* which injury resulted in his death.

It should be stated at the outset that there are very few facts, if any, shown by the evidence which tend to prove that decedent's death *did* or *did not* arise *out of* his employment, but such facts, if any, which are shown are not much in dispute.

The evidence shows that on March 28, 1938, and for about two years prior thereto decedent was employed by appellant as a night watchman in and about appellant's pottery plant in Evansville. His duties included sweeping the floors. The plant was equipped with A.D.T. (American District Telegraph) service, and it was decedent's duty to "pull" each of eight A.D.T. boxes at the plant every hour beginning at 9:00 P. M. On the night of March 28, 1938, the local central A.D.T. office did not receive a report from appellant's plant at 9:00 P. M., and consequently a representative of the A.D.T. company made a run to the plant and found decedent dead, lying on his back on the second floor of one of appellant's buildings. A bullet had been shot into the center of his back. Another bullet was found

in a door of a toilet near decedent's body. Decedent's revolver was lying on the floor near his body. It contained two cartridges which had been discharged, one which had been snapped but not discharged, and two which had not been snapped. The clothing which decedent wore at the time contained no evidence of powder burns. A broom with a broken handle was found near his body. The floor had been swept up to within twelve or fifteen feet of where his body was lying. Decedent's watch was found in his pocket. The room contained kilns used in the manufacture of bath room tanks and bowls. No other facts were shown, which showed or tended to show who shot decedent, or why he was shot.

Appellant cites *Pioneer Coal Co.* v. *Hardesty* (1921), 77 Ind. App. 205, 133 N. E. 398, and *Alexandria Metal Products Co.* v. *Newsome* (1933), 97 Ind. App. 420, 185 N. E. 520, in support of the contention that the evidence does not sustain the finding as to said controlling fact.

The facts in each of said cases, are quite similar to the facts in the instant case, in so far as the facts in each case relate to the question of whether or not the death of the employee in each case arose out of his employment. We do not think the present case can be distinguished from either of said cases on account of a difference in the facts in that respect.

The decisions in said cases are each based upon the well founded legal propositions that (1) "the burden of establishing each fact necessary to a legal award rests on the applicants" and (2) "such facts must be based on something more than mere guess, conjecture, surmise or possibility." This court concluded in each of said cases that there was no substantial evidence in the record to sustain the finding that the death of the employee arose out of his employment.

In *Capital Paper Co.* v. *Conner* (1924), 81 Ind. App. 545, 547, 144 N. E. 474, this court for the first time announced the proposition:

" It is also the law that where an employee charged with the performance of a duty is found injured at a place where his duty may have required him to be, *there is a natural presumption* that he was injured in the course of, and in consequence of, the employment." (Our italics.)

That was the case of a salesman, whose duties required that he travel in all parts of the city of Indianapolis, who was struck and injured by a street car. The Industrial Board found that his injury and death arose out of the employment, and granted an award of compensation and this court affirmed the award. This court held further, however, in that case that there was evidence in the record from which a legitimate inference could have been drawn by the Industrial Board, that the injury and death arose out of the employment.

The Capital Paper Co. case, supra, is cited by this court in *Czuczko* v. *Golden-Gary Company* (1932), 94 Ind. App. 47-55 and 56, 177 N. E. 466, 179 N. E. 19, in support of the following statement:

" If an employee, charged with the performance of a certain duty, is found injured at a place where it would be necessary for him to be in performing that duty, *there is a presumption* that he was injured as a result of and in the course of his employment." (Our italics.)

This court said further in the Czuczko case, supra:

" *It is presumed* that, when an employee is found dead at the place of his employment, he met his death while in the performance of his duties." (Our italics.)

Later in that opinion this court said: "Considering the facts in this case in the light of the above propositions of law (referring to the presumptions which we

have quoted and other propositions, which are not material here) . . . we are justified *in presuming* that the decedent . . . having been found dead in the pit of the shaft of the elevator which he was employed to operate, and on and about which it was necessary for him to be in the performance of his duties, he received the injuries causing his death as a result of, and in the course of, and while performing his duties; . . . ." (Our italics.)

This court then reviewed the facts concerning the employee's death, which were shown in the evidence and said:

" ' *There is a natural presumption* that one charged with the performance of a duty, and found injured at the place where duty may have required him to be, is injured in the course of and as a consequence of the employment.' *There is no evidence to overcome this presumption.*" (Our italics.)

In that case Czuczko, the employee, was employed by the Golden-Gary Co. as an operator of a service elevator in a hotel. His hours of service were from 6:00 A. M. until 4:00 P. M. On September 3rd, 1927, he left his home about 6:00 A. M. to go to work. This was the last time he was seen alive. On September 7, 1927, four days later, his body was found in the bottom of the pit of said elevator. There was no evidence showing how or in what manner his body came to be in the pit.

The Industrial Board denied compensation. This court reversed the award with instructions to grant an award of compensation.

It is true that in said opinion this court refers to inferences which might be drawn from the facts proven which inferences, this court holds, support the finding that the injury and death arose out of the employment, but, the opinion clearly indicates tha'

the decision of this court in that case *is based primarily upon the presumptions which we have quoted,* and not upon inference to be drawn from facts proven or upon circumstantial evidence.

In the case of *Fisher* v. *City of Decatur* (1935), 99 Ind. App. 667, 192 N. E. 844, Fisher, an employee of the city of Decatur was found drowned in a spray pool belonging to the city. There was no evidence showing how he came to be in the spray pool. This court, after reviewing the facts shown by the evidence, said (p. 670) : "He (Fisher) was where his duty called him and where . . . under the instructions given him (he) should have been," and then the court said (p. 670) :

" Where an employee is charged with the performance of a specific duty and is found injured at a place where such duty called him, *there is a legal presumption* that he was injured as the result of and in the course of his employment." (Citing, *Czuczko* v. *Golden-Gary Co.,* supra.) (Our italics.)

It is true that in the Fisher case, supra, this court did say further (p. 671) : "In the case at bar all the evidence without contradiction says that he (Fisher) was drowned because he was then engaged in doing one of two things directly connected with the service which he was employed to perform," but that statement is made as a point of distinction between that case and the case of *Alexandria Metal Products Co.* v. *Newsome,* supra.

In the Fisher case, supra, as in the Czuczko case, supra, the Industrial Board denied compensation and this court upon appeal reversed the award with instructions that an award of compensation be entered. The opinion of this court in the Fisher case, supra, indicates clearly that the decision in that case is based

primarily upon the presumption which we have quoted from the opinion.

Such a presumption is the *sole* basis for the decision in the *Progress Laundry Co.* v. *Cook* (1935), 101 Ind. App. 235, 198 N.E. 807, where Cook, an employee (night watchman) of Progress Laundry Co. was found dead in an elevator pit of the laundry company's building. In that case the Industrial Board awarded compensation and this court, upon appeal affirmed the award. For list of foreign cases in which such presumptions have been relied upon in workmen's compensation cases see 120 A.L.R. 683ff. See also *Tewes* v. *Industrial Commission* (1928), 194 Wis. 489, 215 N.W. 898; *Western Grain & Sugar Products Co.* v. *Pillsbury* (1916), 173 Cal. 135, 159 Pac. 423; *Codell Construction Co.* v. *Neal* (1935), 258 Ky. 603, 80 S.W. (2d) 530.

We are not unmindful of the fact that the evidence in the Hardesty case, supra, and the Alexandria Metal Products Co. case, supra, decided by this court, indicates that probably the employee was killed by an intruder, or agency, which *was not* part and parcel of the employee's place of employment, while in the other cases cited the evidence shows that probably the employee's death was caused by an agency which *was* part and parcel of the employee's place of employment, but that difference in facts is not a logical basis for holding that such presumptions, although applicable in the latter group of cases, are not applicable in the former group of cases. The controlling question in all of such cases is not *how* did the death occur, but did it occur *because of the employment.* In the group of cases where the employee is probably killed by an intruder, the controlling question is, did the death occur because of the employment or did it occur because of a personal grudge against the employee, or

because of some other reason disconnected from the employment. (In this connection see the Hardesty case and Alexandria Metal Products case, supra.)

It should be remembered that in the Capital City Paper Company case supra, the Czuczko case supra, the Fisher case, supra and the Progress Laundry case supra, this court applied such a presumption *in the absence of any facts from which inference could be drawn which inference would have supported a finding of the facts presumed.*

In a given case where the employee apparently *has been killed by an intruder* and the reason for the killing is unknown *it is just as reasonable to presume that he was killed because of his employment* as it is to apply such presumption in a given case *where the death of the employee probably has been caused by an agency which is part and parcel of his place of employment* and the fact as to whether or not his death arose out of the employment is unknown. (In this connection see *Ohio Building Safe Vault Co.* v. *Industrial Board* (1917), 277 Ill. 96, 115 N. E. 149, a case very similar to the instant case.)

We recognize the rules of law (1) that the burden of establishing each fact necessary to a legal award rests upon the applicant, and (2) that such facts must be based upon something more than mere guess, conjecture, surmise or possibility, which rules are relied upon in the Hardesty case, supra and in the Alexandria Metal Products case, supra, but we hold that such a presumption *is something more than mere guess, conjecture, surmise or possibility.* In the instant case the applicant has established facts which give rise to such presumption and we hold that such presumption is applicable here. The applicant has also established all other facts which are necessary to support a legal award of compensation.

We are mindful of the fact that such presumption was not applied in the Hardesty case, supra and in the Alexandria Metal Products Company case, supra and it is our opinion that said cases should be overruled in so far as they are in conflict with this opinion.

We have considered all of the evidence in this case and we conclude that there is no evidence in the record which shows or tends to show or from which any inferences can be *legitimately* drawn which tend to show that decedent's death did *not* arise out of his employment. Therefore, such presumption prevails in the instant case—*Czuczko* v. *Golden-Gary Company,* supra.

Appellant also complains of the introduction in evidence of appellee's exhibit ''6'' which purports to be a memorandum book consisting of 108 pages in which decedent made entries on 107 pages which entries referred to miscellaneous subjects.

Appellant complains further that the Industrial Board erred in overruling appellant's motion that a statement of a policeman who investigated the instant case be stricken out. The statement was to the effect that the policeman *had some information* ... that decedent ''had been instructed not to let anybody take any coal away from the place and that there had been some trouble over coal being taken from there.''

We refrain from determining whether or not the Industrial Board's rulings as to said evidence were erroneous because we think it appears from the record that the merits of this case have been fairly tried and determined. § 2-3231 Burns 1933 (§505 Baldwin's 1934). *Harris* v. *Randolph County Bank* (1901), 157 Ind. 120, p. 138, 60 N.E. 1025. Under such circumstances said rulings, if erroneous, were harmless.

No reversible error having been shown, the award is affirmed.

Bridwell, Laymon and Curtis JJ. concur in the result. See concurring opinion.

## CONCURRING OPINION

We concur in the result reached in the opinion of Dudine, Judge, but we do not concur in the reasoning by which such result was reached. The facts stated in the opinion and disclosed by the record would justify the Industrial Board in drawing the reasonable inference that the death of the deceased employee in the instant case was due to the act of some intruder upon the premises of the employer, without right, and that the injury received was inflicted during the course of the employment, and while the employee was discharging his duties in guarding and protecting the property of his employer, and, therefore, that the death was due to an accidental injury arising out of and in the course of the employment.