EMPLOYERS' LIABILITY ASSURANCE CORPORATION
*v.* MERRITT

[No. 17,636. Filed December 4, 1947.]

*Ralph B. Gregg,* of Indianapolis, for appellants.

*James L. Murray,* of Indianapolis, for Globe American Corporation and Lumbermen's Mutual Casualty Co., appellees.

HAMILTON, J.—This is an appeal from an award of the Full Industrial Board of Indiana, entered on March 27, 1947, granting compensation to appellee Clifford Merritt, employee, against the appellee, Globe American Corporation, as employer, under the provisions of the Indiana Workmen's Occupational Diseases Act by reason of the occupational disease known as silicosis, which the plaintiff contracted during the course of his employment with said employer. During the course of the proceedings the appellant, Employers' Liability Assurance Corporation, and the appellee, Lumbermen's Mutual Casualty Company, as insurance carriers for the employer, were made additional parties defendant. The award for compensation to appellee Merritt is admittedly correct.

The sole question presented for our determination by this appeal is: Which one of the insurance companies is liable for the payment of the award?

The Full Industrial Board found, among other things:

"That on the 7th day of October, 1944, and since 1916, excepting thirteen months in Military Service, said plaintiff was in the employ of the defendant, Globe American Corp., at an average weekly wage in excess of $34.00; that in the performance of his duties for said defendant, said plaintiff was exposed to and did contract an occupational disease known as silicosis; *that plaintiff's last date of exposure to said occupational disease was October 7, 1944 and that plaintiff's disablement began on October 7, 1944.*" (Our italics.)

"It is further found that the Lumbermen's Mutual Casualty Company was the occupational disease insurance carrier for said defendant from October 9, 1937 and for several years following;

that on October 17, 1944 said Lumbermen's Mutual Casualty Company filed their cancellation notice as the occupational disease insurance carrier for defendant Globe American Corp.

"It is further found that the Employers' Liability Assurance Corp. was also the occupational disease insurance carrier for the said defendant from October 1, 1944, and the insurance carrier at the date of said hearing."

The award was in favor of plaintiff and against all defendants, Globe American Corporation, as employer, and Employers' Liability Assurance Corporation and Lumbermen's Mutual Casualty Company, as the insurance carriers on the risk as of October 7, 1944.

The uncontroverted evidence fully sustains the facts above recited as found by the Full Industrial Board. Appellant issued its policy and became liable to pay compensation imposed on the employer, Globe American Corporation, on October 1, 1944. Appellee Lumbermen's Mutual Casualty Company was the insurance carrier for said employer from October 9, 1937, up to and including November 17, 1944. On October 17, 1944, said named insurance carrier filed with the Industrial Board a written notice of termination of its policy of insurance and liability for payment of compensation awarded against the employer by cancellation, effective 30 days after said date as provided by § 40-2227, Burns' 1940 Replacement, and the rules of the Industrial Board. Therefore, as of October 7, 1944, both of said insurance companies were insurance carriers on the risk of the employer, Globe American Corporation.

Section 26 (a) of ch. 69, Acts 1937, being § 40-2226, Burns' 1940 Replacement, reads in part as follows:

"The insurance carrier liable shall be the carrier whose policy was in effect covering the employer liable on the last day of the exposure rendering

such employer liable, in accordance with the provisions of this act."

The undisputed evidence establishes that October 7, 1944, was the last day of the exposure of the employee rendering his employer, Globe American Corporation liable for the compensation awarded herein, even though the evidence further establishes that intermittently between November 30, 1943, and October 7, 1944, said employee lost some days from work because of illness, the symptoms of which were similar to silicosis which caused his final disablement on October 7, 1944.

Appellant bases its claim of nonliability on the proposition that the insurance carrier liable for the payment of the award herein is, and should be, the carrier on the risk on the date when the disease is first incurred and temporary disablement appears, even though the employee recovers and returns to work and continues to work until the disease finally and permanently disables him, and, therefore, the only insurance carrier liable in this case is the appellee, Lumbermen's Mutual Casualty Company, which was the sole carrier on the risk on November 30, 1943, and continually thereafter until October 1, 1944.

We think appellant's contention in this case is fully and decisively answered by the opinion of this court in the case of *Durham Mfg. Co.* v. *Hutchins* (1945), 115 Ind. App. 479, 59 N. E. (2d) 444. (Transfer denied.) On pages 483 to 485 of 115 Ind. App. we said: "Liability is not necessarily imposed upon the insurer whose policy is in effect on the last day the employee works for the employer, nor upon the insurer who carried the risk on the last day the employee was exposed to the disease causing disablement. It is imposed upon the insurer on the risk on the last

day *of the exposure rendering the employer liable.* The question therefore is, what was the exposure rendering the employer liable in this case and what was the last day of that exposure? The question is one of fact for the board to determine, and its determination is conclusive if it is supported by any substantial evidence, including reasonable inference that may be drawn therefrom. *Russell* v. *Johnson* (1943), 220 Ind. 649, 46 N. E. (2d) 219:

"The evidence in this case, however, presents a picture of continuous exposure throughout the period of active employment. After laying off on September 28, 1940, when her illness resulted in unconsciousness, she had sufficiently recovered on January 20, 1941, to return to work and thereafter continued to be exposed to the end. The evidence would therefore support the conclusion that the disablement commencing November 27, 1942, was not a mere recurrence of the first, but that the later exposure, commencing on January 20, 1941, and terminating on November 27, 1942, a day when Bituminous Casualty carried the risk, bore a causal connection with the present disability. The Board in effect so found, and Bituminous Casualty must bear the loss.

"We are not impressed by the contention that to hold Bituminous Casualty liable in this case achieves an absurd result and unduly penalizes an insurer who has carried a risk but a comparatively short time. The legislature intended that no employee should incur an uninsured risk. If the law of averages will not save an insurer harmless from disproportionate losses, they may of course refuse to write the business."

Under the rule declared in the above case both insurance companies were carriers on the risk on October 7, 1944, the last day the employee was exposed, rendering

his employer liable for the payment of compensation herein, and, therefore, both insurance companies are liable under the statute.

Appellant also attempts to present error in the failure of the Full Industrial Board to review and sustain a motion made by appellee Merritt before the hearing member of the board to permit said named appellee to amend his Form 115 application to show the date of disablement was November 30, 1943, instead of October 7, 1944, as alleged in the original application. The record discloses that this motion to amend was not renewed before the Full Industrial Board, and under the rule declared by the Supreme Court in *Hayes* v. *Joseph E. Seagram & Co.* (1944), 222 Ind. 130, 52 N. E. (2d) 356, we must hold that no question is presented for our decision. See also: *McGill Manufacturing Company, Inc.* v. *Dodd* (1945), 116 Ind. App. 66, 59 N. E. (2d) 899.

Furthermore, in proceedings before the Industrial Board strict adherence to formality in the matter of alleging and proving the date of accidental injury or date of last exposure to occupational disease is unnecessary and has been held to be entirely out of harmony with the spirit and purpose of the Workmen's Compensation Act. *Taylor* v. *Casting Service Co.* (1947), ante, p. 599, 74 N. E. (2d) 927.

Finding no error in the record, the award is hereby affirmed with the statutory increase of five per cent, assessed against the appellant.

CRUMPACKER, J., not participating.

NOTE.—Reported in 75 N. E. (2d) 803.