### DESZANCSITY v. OLIVER CORPORATION

[No. 17,766. Filed October 26, 1948.]

*Frank C. Olive,* of Indianapolis, attorney for appellant.

*James V. Donadio* and *Ross, McCord, Ice, & Miller* (of counsel), all of Indianapolis, attorneys for appellee.

ROYSE, C. J.—Appellant brought this action before the Industrial Board for workmen's compensation for injuries allegedly received arising out of and in the course of his employment with appellee. The hearing member found against appellant and, on review, the Full Board made a similar finding and award, the pertinent portions of which are as follows:

"That on the 31st day of October, 1945, plaintiff was in the employ of the defendant as a machinist, at an average weekly wage in excess of $36.50; that on said date plaintiff did not sustain an accidental injury arising out of and in the course of his employment by the defendant, and defendant did not furnish any medical attention or supplies for plaintiff's alleged injury.

"It is further found that on January 21, 1948, plaintiff filed with said Board his petition for leave to introduce additional evidence; that thereafter, on February 3, 1948, defendant filed its memorandum in opposition thereto; and that plaintiff's petition aforesaid should be denied.

"And the Full Industrial Board of Indiana now finds for the defendant and against the plaintiff on plaintiff's Form No. 9 heretofore filed on January 10, 1947.

"IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED, by the Full Industrial Board of Indiana, that the plaintiff take nothing as compensation against defendant for an alleged accidental injury sustained by plaintiff while in defendant's employ on October 31, 1945.

"It is further ordered that plaintiff's petition for leave to introduce additional evidence be, and it hereby is, denied.

"It is further ordered that the plaintiff pay the costs, if any, taxed in this cause."

From this award appellant has appealed to this Court on the statutory grounds that the award of the Full Board is contrary to law.

The contentions of appellant here are: (1) No issue was presented to the Board as to compensation for appellant's partial disability because the hearing member struck Clause 18C from Form 9; (2) The Full Board erred in denying appellant's petition for leave to introduce new evidence; (3) The award of the Full Board was based on the erroneous assumption that appellant's condition was not one of injury but one of congenital defect; (4) The Board erred in sustaining appellee's motion to strike out a portion of appellant's answer to a certain question; (5) The evidence is insufficient to sustain the award; (6) The award of the Full Board was based on a mistake of facts in that its award was based on the theory that appellant had only spondylolisthesis of the fifth lumbar vertebra, whereas he was suffering from a defect in the fourth lumbar vertebra.

Appellant's brief does not set out the award of the Full Board nor the application for leave to introduce new evidence. The appellee in its answer brief has set out the pertinent portions of the award. Appellant's reply brief makes some reference to the contentions in his application to introduce new evidence.

The record discloses that at the commencement of the hearing before the single member there was a discussion as to the contents of Form 9 which had been filed. The attorney who was then representing appellant made the following statement:

"Yes, and the 18C, that couldn't possibly be that amount. I'm new in this case and don't know much about it. There's a partial disability of about

six months and then there's a period of which the man has not been employed at all, and if we could do so, I'd like to ask your indulgence in leaving off, striking out $26.00 and five hundred weeks and leaving it open for whatever the case should show. Is that agreeable with you?"

to which appellee's attorney replied "All right," and the hearing member then said: "That 18C we'll show as stricken." If there was error in striking this portion from Form 9, it was invited by appellant and he cannot complain here of such action. However, under the authority of the case of *Trustees of Indiana University* v. *Rush* (1934), 99 Ind. App. 203, 206, 192 N. E. 111, appellant could not have been harmed by such action.

In this action appellant had the burden of proving, among other things, that his condition was caused by an accident arising out of and in the course of his employment. The Full Board found that he did not sustain such an accidental injury. Therefore, the first question which confronts us is whether the evidence entitled him to relief which was denied by the award of the Board. *Wright* v. *Peabody Coal Co.* (1948), 225 Ind. 679, 77 N. E. 2d 116. Unless the evidence is of such a nature that it would lead reasonable men inescapably to a different conclusion, we may not disturb the award. We have carefully examined the evidence in the record on this question. While there is a conflict, there is ample evidence to justify the Board in finding appellant did not suffer an accidental injury arising out of and in the course of his employment with appellee.

As heretofore indicated, appellant's application for leave to introduce new and additional evidence was not

set out in his brief. However, it is disclosed the ■ evidence which he sought to introduce related to medical testimony as to the cause of his condition. In view of the fact found by the Board that he did not suffer an accidental injury, any error the Board might have committed in this matter would not have harmed appellant. This is also true of his contentions in reference to the nature of appellant's disability.

Finally, no question is presented as to the action of the hearing member in striking out a part of a certain question propounded to appellant, because ap- ■ pellant did not renew his objection before the Full Board. *Hayes* v. *Joseph E. Seagram & Co.* (1944), 222 Ind. 130, 52 N. E. 2d 356.

Finding no error, the award of the Full Industrial Board is affirmed.

Draper, P. J.—Not participating.

NOTE.—Reported in 81 N. E. 2d 703.