## CAPITAL PAPER COMPANY *v.* CONNER.

### [No. 11,924.   Filed June 6, 1924.]

1. **MASTER AND SERVANT.**—*Workmen's Compensation Act.—Injury Arising Out of Employment.—Traveling Salesman.*—Where a traveling salesman is required to use city streets in the performance of his duties, such streets become his place of work, and the hazards incident to travel thereon, including the danger of coming in contact with moving street cars, constitute a danger incident to his employment, and the mere fact that the hazard is one to which every person on the street is exposed is not sufficient to defeat compensation.   p. 547.

2. **MASTER AND SERVANT.**—*Workmen's Compensation Act.—Injury Arising Out of Employment.—Presumption When Employee Found Injured at Place of Duty.*—When an employee is found injured at a place where his duty may have required him to be, there is a presumption that he was injured in the course of, and in consequence of, the employment.   p. 547.

3. **MASTER AND SERVANT.**—*Workmen's Compensation Act.—Injury Arising Out of Employment.—City Salesman.—Inferences.—Statute.*—Where a city salesman's routes were of his own choosing, and if anything off the route for any day required his attention, it was his duty to attend to it, and, at the time of his injury, he had matters left over from a previous day which may have made it necessary for him to leave his route and visit the part of the city where he was injured, an inference that his injury "arose out of and in the course of his employment" within §2 of the Workmen's Compensation Act (Acts 1915 p. 392, §8020m Burns' Supp. 1921) was warranted. p. 547.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Joanna Conner for the death of Lee Conner, her husband, opposed by the Capital Paper Company, employer. From an award of compensation, the defendant appeals. *Affirmed.*

*James W. Fesler, Harvey J. Elam, Howard S. Young* and *Irving M. Fauvre,* for appellant.

*Beckett & Beckett,* for appellee.

REMY, J.—Lee Conner was in the employment of ap-

pellant as salesman. His duties required that he travel in all parts of the city of Indianapolis, though he had "certain routes that he followed on certain days." These routes were not "stipulated by" appellant, but were "of his own choosing," and if, at any time, "anything required his attention off the routes," it was his duty under his employment "to go and attend to it." At about 2:30 o'clock in the afternoon on Friday, September 14, 1923, which was the day of the week that Conner as salesman for appellant made his calls upon customers in the northwest part of the city, he was struck and injured by a street car at a crossing in the central part of the city. He died from the injuries two days later. At the time Conner received the injuries, he had in his possession an order-book, the entries in which showed that he had taken orders that day in the northwest section of the city. He also had "an account or two" left over "from another day", which may have made it necessary for him, on that day, to have gone to another part of the city. It was a rule of appellant that its salesmen should report at its main office on Friday afternoon of each week. These reports were made at any time from 2:30 o'clock to 5:00 o'clock p.m. Conner had not made his report at the time he was injured.

From an award of compensation to appellee, the widow and dependent of Conner, this appeal is prosecuted.

The question presented is, whether, under the facts above stated, and which were found by the Industrial Board, the accident which resulted in the injury and death of Conner, arose out of and in the course of his employment, within the meaning of §2 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921). It is urged by appellant that there is no evidence that Conner was acting in the

course of his employment at the time of his injury, and that the award is based upon pure speculation.

It is a well-established rule of law in compensation cases, that where an employee, in the performance of his duties as a traveling salesman, is required 1, 2. to use the streets of a city, such streets become his place of work, and the hazard incident to travel thereon, including the danger of coming in contact with moving street cars, is a danger incident to his employment. *Bachman* v. *Waterman* (1918), 68 Ind. App. 580, 121 N. E. 8; *Cook's Case* (1922), 243 Mass. 572, 137 N. E. 733. The mere fact that the hazard is one to which every person on the street is exposed is not sufficient to defeat compensation. *Katz* v. *A. Kadans & Co.* (1922), 232 N. Y. 420, 134 N. E. 330, 23 A. L. R. 401; *Moran's Case* (1919), 234 Mass. 566, 125 N. E. 591. It is also the law that where an employee charged with the performance of a duty is found injured at a place where his duty may have required him to be, there is a natural presumption that he was injured in the course of, and in consequence of, the employment. *Saunders* v. *New England, etc., Tube Co.* (1920), 95 Conn. 40, 110 Atl. 558, 6 W. C. L. J. 271; *Flucker* v. *Carnegie Steel Co.* (1919), 263 Pa. St. 113, 106 Atl. 192, 18 N. C. C. A. 1056, 3 W. C. L. J. 780; *Wishcaless* v. *Hammond, etc., Co.* (1918), 201 Mich. 192, 166 N. W. 993, 17 N. C. C. A. 247, note.

In the case at bar, there is no direct evidence as to what Conner was doing at the street crossing where, and at the time, he received the fatal injury; 3. but since, as shown by the evidence, and as found by the Industrial Board, his work required him to travel in all parts of the city, the routes for the different days of the week being of his own choosing, and that if anything off the route for any day required his attention, it was his duty to go and attend to it;

and since the evidence and finding show that he had an account or two left over from a previous day, and that he had not yet made his report to his employer, which was a part of the day's work, it is a legitimate inference which the Industrial Board had a right to draw, that the accident which resulted in the injury and death of Conner arose out of and in the course of his employment.

Award affirmed.