INDIANA LIBERTY MUTUAL INSURANCE COMPANY
ET AL. *v.* STRATE.

[No. 12,258. Filed June 26, 1925. Rehearing denied October 14, 1925.]

1. EVIDENCE.—*Courts take judicial notice of distance between Vincennes and Indianapolis.*—The courts will take judicial notice that the distance between Vincennes and Indianapolis is approximately 130 miles. p. 495.

2. MASTER AND SERVANT.—*Suspension of right to compensation by refusal of injured employee to submit to examination by employer's physician or surgeon.*—Section 27 of the Workmen's Compensation Act (§9472 Burns 1926, Acts 1915 p. 392) does not unconditionally suspend the right of compensation on the refusal of an injured employee to submit to an examination by a physician or surgeon designated by his employer, but the ultimate decision is left to the Industrial Board. p. 495.

3. MASTER AND SERVANT.—*Whether injured employee was justified in refusing to submit to examination by employer's surgeon question of fact for Industrial Board; finding of justification implied.*—Whether the refusal of an injured employee to submit to an examination by a physician or surgeon designated by his employer was justified is a question of fact for the Industrial Board, and the board, by denying the employer's petition for a review because of changed conditions, found that the refusal was justified. p. 495.

4. MASTER AND SERVANT.—*Injured employee who refused treatment by employer's surgeon and employed another personally liable for surgeon's services.*—Where injured employee was taken from Vincennes to Indianapolis for treatment by a certain specialist, but, on reaching Indianapolis and being informed that he was to be treated by another specialist, refused to accept the service tendered and, on his own account, employed the specialist first referred to to take sole charge of his case, the specialist's bill for his services was the personal obligation of the employee, and the Industrial Board erred in ordering it paid by the employer when the service was not performed within thirty days after the injury. p. 497.

From Industrial Board of Indiana.

Proceeding under Workmen's Compensation Act by Louis Strate against A. H. Brocksmith, employer. An award was granted to claimant. A subsequent application by the Indiana Liberty Mutual Insurance Com-

pany, insurer, to review the award because of changed conditions was denied, and insurer and employer appeal. *Reversed.* By the court in banc.

*John Rynerson,* for appellants.
*John Wilhelm* and *S. G. Davenport,* for appellee.

REMY, C. J.—On November 8, 1923, appellee, a resident of Vincennes, was awarded compensation because of injuries received while in the employment of appellant Brocksmith.   Recovery from the injuries for which compensation had been awarded, being slower than expected, appellee was, on January 11, 1924, removed to Indianapolis in order that he might have the medical and surgical treatment of a specialist.   On January 12, 1924, the day following the removal of appellee to Indianapolis, appellant insurance carrier, in its own name, and in the name of appellant Brocksmith, the employer, filed with the Industrial Board an application for review of the award on the ground of changed conditions, it being averred in the application that appellee, after his arrival at Indianapolis, had refused to submit himself to an examination by the physician and surgeon designated and paid by the employer.   At the hearing, there was evidence tending to prove that, prior to appellee's being removed from Vincennes to Indianapolis, it was agreed between appellee and the insurance carrier that upon his arrival at the latter city, he was to have the services of Dr. Oliver, a specialist who had been recommended by appellee's physician at Vincennes, and that appellee agreed to the removal with that understanding.   The evidence further shows that upon his arrival at the railroad station in Indianapolis, appellee was informed by a representative of the insurance carrier that he was to be taken to a certain hospital, and there examined and treated by Dr. Mumford instead of Dr. Oliver; that appellee was taken to such hospital and

there placed in charge of Dr. Mumford; that with these arrangements, appellee was dissatisfied, and within an hour after being taken to the hospital, and before examination by Dr. Mumford, appellee, on his own account, employed Dr. Oliver to take sole charge of his case, and caused himself to be transferred to another hospital where he was thereafter treated by Dr. Oliver; and that, because of appellee's refusal to accept the services of Dr. Mumford and the hospital service tendered, appellant insurance carrier refused, on behalf of itself and the employer, to make further payments of compensation.

There was a finding and order of the Industrial Board denying appellant's application for review; and from the board's order, this appeal is prosecuted.

With much earnestness, it is contended by appellants that inasmuch as appellee refused to submit himself to examination by Dr. Mumford, and refused to accept the hospital services tendered, the order of the Industrial Board denying petition for review is contrary to law, being in defiance of that express provision of §27 of the Workmen's Compensation Act (Acts 1915 p. 392, §9472 Burns 1926, §8020k1 Burns' Supp. 1921), which, as alleged, suspends the right of compensation pending refusal on the part of an injured employee to submit to examination by a physician designated by the employer. The provision of the statute relied upon is: "After an injury and during the period of resulting disability, the employee, if so requested by his employer or ordered by the Industrial Board, shall submit himself to examination, at reasonable times and places, by a duly qualified physician or surgeon designated and paid by the employer or the Industrial Board. * * * If the employee refuses to submit himself to or in any way obstructs such examination, his right to compensation and his right to take or prosecute any

proceeding under this act shall be suspended until such refusal or obstruction ceases, and no compensation shall at any time be payable for the period of suspension unless in the opinion of the Industrial Board the circumstances justify the refusal or obstruction."

It is to be observed that under this provision, an injured employee is not required to submit to an examination at any time or place designated by the employer. The requirement is "at reasonable times and places." This court will take judicial notice that the distance from Vincennes to Indianapolis is approximately 130 miles. Whether, under the facts of this case, Indianapolis was a reasonable place for the examination of appellee by appellant's physician would have been a question of fact for the Industrial Board. There is evidence to show that appellee's agreement to go to Indianapolis for examination and treatment was with the understanding that he should be examined and treated by Dr. Oliver, the choice of his local physician.

It is also to be observed, that the provision of the statute by which the right of compensation is suspended if the employee refuses to submit himself to, or in any way obstructs, examination by a physician designated by the employer, is not unconditional. Under the statute, the right to compensation is suspended "unless in the opinion of the Industrial Board the circumstances justify the refusal or obstruction."

Under the facts and circumstances as shown by the evidence, the justification of appellee's refusal to submit to examination by Dr. Mumford, the physician designated by appellants after his arrival at Indianapolis, was a question of fact for the Industrial Board. By its order, the board found that appellee's refusal was justified. This finding is sustained by competent evidence.

The medical and surgical treatment received by ap-

pellee at Indianapolis was not within the first thirty
days after appellee had received the injury; nor

4. was the treatment or hospital service ordered by
the Industrial Board. Dr. Oliver was employed
by appellee; and it was appellee who contracted for the
hospital service pending treatment by Dr. Oliver, the
services of Dr. Mumford and hospital facilities pre-
viously tendered by appellants having been refused. We
hold that the account of Dr. Oliver for his services, and
the account for hospital accommodations and service at
Indianapolis, are, under the circumstances, the personal
obligations of appellee. It follows that the Industrial
Board erred in ordering payment of same by employer.

Award is reversed, with instructions to restate its
finding in harmony with this opinion, and to render an
award accordingly; each party to pay fifty per cent. of
the costs of this appeal.