## Koenig *v*. Bryce et al.

[No. 14,545.   Filed April 21, 1932.   Rehearing denied July 27, 1932.]

*Fenton, Steers, Beasley & Klee* and *James C. Jay*, for appellant.

*Pickens, Davidson, Gause, Gilliom & Pickens* and *Sherwood Blue*, for appellees.

Wood, P. J.—Appellant, as guardian of Dorothy J. Kirchefer, filed a claim with the Industrial Board against the appellee for compensation for her said ward on account of the death of one Karl Kirchefer, father of

the said Dorothy, as a result of an accident arising out of and in the course of his employment by appellee.

From an award of the full Industrial Board denying compensation this appeal is prosecuted. Appellant assigns as error "(1) The award of the full board is contrary to law (2) The finding of the full board is not sustained by sufficient evidence (3) The award herein is not sustained by sufficient evidence." The first assignment of error which is in the language of the statute is sufficient to present all questions properly certified in the record for review.

The only question in controversy presented by the record in the briefs and in argument of counsel is whether or not the accident causing Kirchefer's death arose out of and in the course of his employment within the meaning of the Indiana Workmen's Compensation Act of 1929, Acts 1929, p. 536, ch. 172. From an examination of all the evidence in the record, it is clear that there is some conflict and under the long established rule of this court, it will not weigh the evidence, but will abide by the finding of the full Industrial Board. But there is a question of the exclusion of certain evidence offered by appellant, exhibited in the record, and presented by counsel for appellant in their brief, that requires our consideration.

Upon the trial of this cause before the single member of the board, counsel for appellant sought to elicit from a witness, John P. Sutherland, certain conversation which he had with Kirchefer, at Mars Hill Airport when he, Kirchefer, was there for the alleged purpose of servicing an oil burner which had been installed there by appellee. Counsel for appellant propounded to the witness this question, "What did he say?" Upon objection by appellee the witness was not permitted to answer this question. Appellant offered to prove by the witness, if permitted to answer the ques-

tion, that at the time and place referred to, Kirchefer said, "he was going to look at the furnace." The witness was also asked this question, "Where did Kirchefer go then, if you know?" to which he replied, "He said that he was going into town to get a part." Upon motion of appellee this answer was stricken out. Appellant objected and excepted to both of these rulings. At the hearing before the full board counsel for appellant, by written request, asked leave to call this witness to testify to the facts as above set out and, on objection of appellee, the request was refused.

It is asserted by appellant, that the witness should have been permitted to answer the first question and that the second question and answer should have been permitted to remain in the record, in as much as they were made by Kirchefer at the time when he was at the airport for the purpose of servicing the furnace, that they accompanied the act, were explanatory thereof, and tended to explain and reveal the motive and intent of Kirchefer and his present and future conduct. That appellant was entitled to have these. statements considered by the single member and the full board in arriving at a conclusion in this case. We agree with appellant in this contention.

In the case of *Mutual Life Ins. Co.* v. *Hillmon* (1892), 145 U. S. 285, 36 L. Ed. 706, the Supreme Court of the United States in discussing evidence of this character said: "A man's state of mind or feeling can only be manifested to others by countenance, attitude or gesture, or by sounds or words, spoken or written. The nature of the fact to be proved is the same, and evidence of its proper tokens is equally competent to prove it, whether expressed by aspect or conduct, by voice or pen. When the intention to be proved is important only as qualifying an act, its connection with that act must be shown, in order to warrant the admission of declara-

tions of the intention. But whenever the intention is of itself a distinct and material fact in a chain of circumstances, it may be proved by contemporaneous oral or written declarations of the party.

The existence of a particular intention in a certain person at a certain time being a material fact to be proved, evidence that he expressed that intention at the time is as direct evidence of the fact, as his own testimony that he then had that intention would be. After his death there can hardly be any other way of proving it; and while he is still alive, his own memory of his state of mind at a former time is no more likely to be clear and true than a bystander's recollection of what he then said . . ." The rule as thus stated is of long standing and is recognized as the law in this state. *Strange* v. *Donohue* (1853), 4 Ind. 327; *Hinchcliffe* v. *Koontz* (1889), 121 Ind. 422, 23 N. E. 271; *Burr* v. *Smith* (1899), 152 Ind. 469, 53 N. E. 469. Other questions are urged for consideration regarding the admission and exclusion of certain evidence, but in as much as this cause will have to be reversed for the reasons above indicated we do not deem it necessary to discuss them at this time.

This cause is reversed with instructions to the Industrial Board to grant a rehearing.