BURK *v.* SHELL PETROLEUM CORPORATION.

[No. 15,047.   Filed November 24, 1933.]

*Beasley, Aikman, O'Brien & Beasley,* for appellant.

*Cyrus S. Gentry, Charles H. Wager* and *Malcolm E. Grant,* for appellee.

BRIDWELL, J.—Appellant was employed by appellee as attendant in charge of a filling station, the duties of his employment requiring of him that he sell to customers desiring to purchase same, gasoline, oil and other products kept for sale; that he put air in automobile tires when such service was desired by persons coming to the

station for this purpose; that he take general charge of the station while on duty and perform such service as required in employment of this character. The premises on which the station was located had a frontage of 115 feet on one street and 60 feet on another. Appellant had been instructed to prevent boys from congregating and playing on the premises, and at different times prior to the injury for which he sought compensation, had ordered boys from the premises when they were at play thereon. These boys ranged in age from five to eighteen years, and at times showed resentment when ordered off. On November 20th, 1932, appellant had just finished putting air in an automobile tire and was "hanging up" the air hose when he was struck by a snow ball, receiving an injury resulting in the loss of vision of his left eye. He filed his application for adjustment of his claim for compensation with the Industrial Board, and the full board, at a hearing upon review of an award made by one member, made a finding and award in favor of appellee, and appellant was denied compensation. This appeal followed, appellant assigning as error that the award is contrary to law.

The finding of the Industrial Board is as follows: "That the plaintiff was in the employ of the defendant on November 20, 1932, at an average weekly wage of $18.40. That on said date plaintiff received a personal injury by reason of an accident in the course of his employment. Said board further finds that the accident did not arise out of his employment, and, therefore, is not compensable under the Indiana Workmen's Compensation Act."

It is asserted by appellant that "the conditions under which he was required to work subjected him to the hazard of injury by a thrown missile to a degree greater than that of the general public," and that therefore the accident arose out of his employment. He contends fur-

ther that since his duty required of him that he keep boys inclined to play on the premises from doing so, and since he had at various times ordered boys off the premises and thereby incurred their resentment, that being struck by a thrown missile was a risk incidental to his employment, and the injury occurred on account of the conditions under which he was required to work.

An examination of the evidence in this case fails to disclose that appellant, on account of his employment or the conditions under which he worked, was exposed to any peril from a thrown missile different from that to which any other person in, on or about the premises of appellant was subjected. There is evidence that the premises adjoined two streets; that the general public would "cut through" in going from one street to the other; that appellee had customers, who of necessity would have to be on and about the premises where appellant worked. All these persons were as much exposed to the danger of being struck by a missile thrown by some third person as was appellant. There is no evidence that appellant's duties required him to be at any place where, in the natural course of events, it would or could be reasonably expected that he might be injured by some object thrown; nor, that he was required to go or be any place where customers (members of the general public), might not likewise reasonably be.

The other argument advanced as to why appellant should have been given compensation is that boys frequently played in the neighborhood, and, at times, on the premises of appellee; that it was appellant's duty to prevent their playing on said premises; that because of this and his actions in carrying out his instructions, their enmity was incurred against him as an employee, and a peril, incidental to the employment, created. There is no evidence as to who threw the snow ball, or as to the reason for doing so; nor that at any time prior

to the injury any snow balls, rocks or other missiles had ever been thrown over, upon or across the premises. No testimony to prove that the snow ball was thrown by any person who had ever been ordered from the premises. If there was evidence to prove that appellant had been struck and injured by a thrown missile at a time when, by reason of instructions from his employer, he was "chasing" boys from the premises, and that the missile was then thrown, or thrown thereafter by some person connected with the event, a different question would be presented.

In the instant case no causal connection is shown. We must keep in mind that the burden of establishing each fact necessary to a legal award of compensation rests on the applicant, and that the proof by which such burden is discharged must be based on something more than mere guess, conjecture, surmise or possibility. *Swing* v. *Kokomo Steel, etc., Co.* (1919), 75 Ind. App. 124, 125 N. E. 471; *Pioneer Coal Co.* v. *Hardesty* (1921), 77 Ind. App. 205, 133 N. E. 398; *Milholland Sales, etc., Co.* v. *Griffiths* (1932), 94 Ind. App. 62, 178 N. E. 458; *Alexandria Metal Products Co.* v. *Newsome* (1933), ante 420, 185 N. E. 520.

The Industrial Board has found as a fact that the accident did not arise out of the employment. If there is any competent evidence to sustain this finding, or if from the facts proved a reasonable person might draw an inference therefrom that would sustain the finding made, then an award based upon the finding will not be disturbed on appeal.

We are of the opinion that the evidence in this case is such that the Industrial Board could very reasonably reach the conclusion that the snow ball was thrown for reasons wholly unconnected with the employment.

The award is affirmed.