BAKERS CONSULTING BUREAU *v.* JULIAN.

[No. 15,859. Filed March 2, 1937.]

John J. McShane and Thomas M. Cooney, for appellant.

Sanders, Childs, Bobb & Westcott and Hempling & Smith, for appellee.

BRIDWELL, P. J.—This appeal is from an award of the Industrial Board made by a majority of its members after hearing an application for review of an award by one member of the board upon an application by appellee for adjustment of her claim for compensation against appellant. The error assigned and relied upon for reversal is that the award is contrary to law. The finding, insofar as it need be set forth, is as follows:

"The Full Industrial Board . . . now finds by a majority of its members that on September 7, 1935, while in the employ of the defendant at an average weekly wage in excess of $30.00 one William H. Julian suffered an injury as a result of an accident arising out of and in the course of his employment of which the defendant had knowledge. That the accidental injury resulted in the death of said William H. Julian on the same day.

"That at the time of his death the said William H. Julian was living with his wife, Ella C. Julian, who was wholly dependent upon him for support.

"That the defendant has not paid the statutory hundred dollars burial expense."

The award was in accordance with the finding.

Appellant challenges the sufficiency of the evidence to sustain the finding of facts upon which the award is based, contending, among other things, that there was

a failure to prove that the accident arose out of and in the course of the employment.

The evidence consists of a written contract between appellant and the deceased husband of appellee, and the testimony of two witnesses, appellee and an officer of appellant coporation. It discloses that appellant is an Indiana corporation, and that the contract was executed at South Bend, Indiana, it being provided therein that the decedent should act as a salesman for appellant and solicit persons engaged in the baking business to purchase from appellant "the Honey Krushed Wheat Bread Marketing Service." Appellant, in said contract, reserved the right "from time to time, during the term of the contract," to designate the territory wherein said deceased might solicit for the sale of said marketing service, and, at the time of the accident which occurred at Wilmington in the state of Illinois, said state was the territory designated within which he should perform his service; but it appears from the contract as well as from the evidence of the "director of sales" that the deceased salesman was subject to assignment at all times to such territory as appellant might desire to have him solicit for business. His earnings were determined by commissions on sales as provided in said contract. It was stipulated that his average weekly earnings were in excess of $30.00. On the day of the accident the deceased ate breakfast at his home in Chicago, and thereafter, about 8:30 A. M., placed the "kit" belonging to appellant, and containing material for use in soliciting the sale of appellant's marketing service, in his own automobile, and left his home, driving said automobile. There is an entire lack of evidence as to his whereabouts or his activities from that time on until the accident occurred which resulted in his death. Whether he called upon any person to solicit business in behalf of appellant or for any purpose in any way

connected with appellant's business, or what he, in fact, did at any time after leaving Chicago is not shown by any evidence. It is agreed by stipulation that he was killed when his automobile was struck by a passenger train at an intersection of a highway over which he was driving and a railroad track over which the train was being operated. The date of the accident appears but the approximate time of day when it occurred is not shown. It is true that one witness, the director of sales for appellant, did testify on answer to a question asked of him, that the deceased had been to Bloomington, Illinois, "contacting an account," and was returning to Chicago, but this statement, when viewed in the light of the questions ask of, and the answers given by the witness, all of which were hereinafter set out, lacks probative force to establish the facts stated. The questions and answers were as follows:

"Q. Did you at the time of receiving notice of this fatal accident, did you know personally at that time on what mission he was engaged?

"A. He had been to Bloomington, Illinois, contacting an account that was in this particular campaign and was returning to Chicago.

"Q. Do you know that of your own personal knowledge?

"A. Yes, I always know where my salesmen are.

"Q. Had you communicated with him at Bloomington and had been advised he was leaving Bloomington?

"A. Either we had a report from Mr. Julian or by the itinerary which we received from all our salesmen the first of each week, telling approximately where they will be each day.

"Q. Then your answer to this question is based on an itinerary which had been submitted during the week, or the prior week of September 7th?

"A. Either oral or written.

"Q. Of course the assumption was, he followed his itinerary?

"A. Correct.

"Q. You did not know at the particular moment

or day as to whether he may or may not have been at the particular place?"

Objection was made to the last question appearing above, which objection was sustained, and this question remained unanswered.

There is no evidence in the record other than that above quoted which even tends to prove that the deceased on the day he received his fatal injuries had been in Bloomington, Illinois, and was engaged there or elsewhere in discharging any duty of employment he owed to appellant. That he had been so engaged is a possibility, but it is not proven. The witness did not see, or in any way communicate with the deceased on that day.

The contract between the parties does not specify what portion of deceased's time he should give to soliciting business for appellant, nor does any evidence disclose this fact, but the contract does provide in clause 10, thereof, that "during the term of this agreement, said salesman shall not be directly or indirectly identified or in any manner connected or associated with any business offering materials or services competitive with those offered and furnished by the Bureau," which indicates that the deceased might give a portion of his time while traveling in territory assigned to him to business of his own, or others, so long as it was not competitive to the business of appellant. We mention this, because it seems to us apparent, in view of this clause of the contract, together with the lack of evidence to prove essential facts heretofore mentioned, that the Industrial Board, in order to find that the accident arose out of and in the course of employment, entered the realm of possibility, surmise, and conjecture. The entire lack of evidence to show where the deceased went, and what he did on the day of the accident, and the failure to prove any act of his after his departure from Chicago, necessarily placed the Industrial Board

where it could not determine from the evidence before it, or by inferences drawn from facts proven, that the accident arose out of and in the course of the employment. The only facts proven relative to this question are that the deceased was employed by appellant as a traveling salesman; that he placed the kit used by him in doing his work in his automobile when he left home on the day of his death, and that he was killed by accident while traveling within the territory assigned to him.

That the burden of establishing each fact necessary to a legal award of compensation rests on the applicant, and that the finding of such facts must be based upon something more than mere guess, conjecture, surmise, or possibility, has been so uniformly held that we omit the citation of authority so holding. In the instant case, after searching the record for evidence to affirm, we conclude that such burden has not been discharged by appellee.

In our examination of the record we observed that the board member who heard the evidence on this application on motion of appellant, struck out certain evidence given by appellee relative to the purpose of her deceased husband as stated by him when, or immediately prior to the time he started on the trip by automobile which ended with his death. The evidence was competent and material. See *Koenig v. Bryce* (1932), 94 Ind. App. 689, 180 N. E. 682. It is also without dispute that appellee was wholly dependent on said husband for support. In view of the purpose of our compensation law, and having in mind the entire record in this cause, we are of the opinion that while this award should be reversed for the reasons heretofore appearing, justice may perhaps be best served by a new hearing on appellee's application.

Award reversed, with instructions to vacate and set

aside the award appealed from; to grant to appellee, at her option, a new hearing in her application; and that any further proceedings be consistent with this opinion.