## LAGLE *v.* LYNCH CORPORATION.

[No. 16,278. Filed November 28, 1938.]

*Bagot, Free & Morrow,* for appellant.

*James L. Murray,* for appellee.

BRIDWELL, J.—Appellant, the surviving widow of one John A. Lagle, filed her application for an award of compensation against appellee, alleging therein her dependency, and that the death of her husband was caused by an accident arising out of and in the course of his employment by appellee.

After hearing an application for review of an award made by one member of the board, said board, by a majority of its members, made its finding and award in favor of appellee, denying compensation to appellant. This appeal was thereafter perfected, appellant assigning as error that the award is contrary to law.

The sole question of fact in controversy is as to whether the accidental injury to appellant's deceased husband arose out of his employment. All other facts necessary to be established in order to entitle appellant

to an award were stipulated as existing facts, or proven by undisputed evidence.

The evidence shows that appellee was engaged in operating a factory; that it employed therein two shifts of workmen, a day shift and a night shift, all of whom entered the premises through a central entrance, and were required to "ring in" at a time clock; that the shifts changed at 4 o'clock p. m., upon the blowing of a factory whistle; that on the day of his injury, the said John A. Lagle was employed on the night shift, and, together with other members thereof, was awaiting the signal for the change of shifts in order that he might enter upon the duties of his employment; that members of the night shift were required to be ready when the signal was given, and he had "rung in" ten or fifteen minutes before 4 o'clock; that, while awaiting the signal, he stepped up to one of his fellow workmen upon whose shoulders he laid his hands, greeting him, and, after so doing, stepped away and fell to the floor, sustaining injuries.

The evidence of all the witnesses testifying concerning the matter is that at the time of the accident there was no scuffling, pushing, "horse play," or violence of any kind; that the floor of the room where the workmen congregated was a smooth cement floor, and the space where and adjacent to the place where the employee fell was free of obstructions; that there was no oil, grease, water or other substance on the floor; that the deceased did not stumble when he fell. What caused the fall is a matter of conjecture. One witness, the workman whom the deceased greeted in the manner heretofore stated, in one portion of his testimony, said: "It looked like he slipped." In answering another question, his statement was: "He just set down. I do not know whether his ankle gave away, or his leg, or just what it was. He just set down is all I know. I thought maybe his ankle

was hurt when he fell; just kind of sprung his ankle." This same witness further testified that the deceased did not stumble on anything, and that he (the witness) did not know what made him fall. There is an entire lack of evidence to prove any hazard or risk connected with or traceable to the employment which in any manner contributed to, or had any causal connection with, the accident and consequential injury.

In view of the prior decisions of this court, discussing the question as to when an accident may be said to "arise out of the employment," we refrain from a further discussion of the meaning of this phrase, and cite some of the cases which we believe correctly announce the law applicable to a state of facts such as is disclosed by the record in the instant case. See *Union Sanitary Co.* v. *Davis* (1917), 64 Ind. App. 227, 115 N. E. 676; *Inland Steel Company* v. *Lambert* (1917), 66 Ind. App. 246, 118 N. E. 162; *Swing* v. *Kokomo Steel, etc., Co.* (1921), 75 Ind. App. 124, 125 N. E. 471; *Burke* v. *The Shell Petroleum Corporation* (1933), 97 Ind. App. 603, 187 N. E. 685.

After reading all the evidence, we cannot say that it is of such character as to force a conclusion contrary to that reached by the board, but from the evidence considered in its entirety, we are of the opinion that the board could reasonably conclude in the instant case that the death of the deceased employee was not due to an accident arising out of the employment.

The award is affirmed.