## ODD FELLOWS CEMETERY OF NEW HAVEN, INDIANA v. DANIELS.

[No. 16,718.   Filed April 14, 1941.]

*Barrett, Barrett & McNagny, Leigh L. Hunt, Mentor Kraus,* and *Joseph A. Bruggeman,* all of Fort Wayne, for appellant.

*Guy Nichols* and *Hartzell & Todd,* all of Fort Wayne, for appellee.

FLANAGAN, J.—This is an appeal from an award of the Industrial Board granting compensation to appellee for the death of her husband, Ethan A. Daniels.

The sole question presented is the correctness of the finding of the Industrial Board that the injuries from which Ethan A. Daniels died arose out of and in the course of his employment.

The evidence, which is undisputed, discloses that the decedent had for a number of years prior to August 19, 1939, been employed by appellant as sexton and superintendent of a cemetery owned by it. He was required to be at the cemetery eight (8) hours per day each day except Sunday. His duties required him to do all the work naturally connected with the cemetery including using, caring for, cleaning, and transportation of supplies for certain gasoline operated equipment including a cement mixer with a gas motor, a power mower, a power generator, and a truck which remained at all times on the cemetery property. He hauled the needed gasoline to the cemetery in his own automobile in two five-gallon cans. From these cans he would transfer to the equipment the gasoline as needed. Saturday was usually clean-up day.

On Saturday, August 19, 1939, decedent with his helper had finished digging a grave in the morning, and the helper left for the day at noon to attend a wedding. About one-thirty o'clock that day, decedent was discovered on the top of the North bank of the graveyard with the upper portion of his body and clothing afire. The flames were extinguished and he was sent to a hospital, but he died without telling what happened. Decedent's burned shirt was found in the middle of the cemetery. At the opposite side of the cemetery, about three blocks from where decedent was found, was located a tool shed for storing the equipment. The tools were in the shed and the doors were open. There was no evidence of this equipment having been on fire. Decedent's own car was at the corner of this shed. The hood was up and the tag that indicates oil change, which was fastened on the brace rod and dash, was burned off and some wires were burned a little; but it could not be told whether the tag and wires had been burned

from a recent fire. A small tin can and a two-inch brush were found, both of which had been burned. The can was on the fender of the car. The spark plug wires were not singed, and there was no other indication of any fire having been around the car or that anyone had been working on the car.

Appellant urges that the only reasonable inference from these undisputed facts is that decedent was injured while "tinkering with his own car"; that the accident did not arise out of and in the course of his employment; and the award of the board should therefore be reversed.

The Industrial Board is the fact finding body. This court is bound by its finding either where the evidence is conflicting, or where from undisputed evidence opposing inferences can reasonably be drawn. This rule is so well settled as not to require citation of authority.

Assuming that the circumstances here would support an inference that the accident occurred while decedent was doing some work on his own car, we cannot say that such an inference is so impelling as to exclude all other reasonable inferences.

Decedent was on the job, at a place where he was required to be, at a time when he was required to be there. He had spent the entire morning carrying out the duties of his employment. Under such circumstances, the presumption of continuity is reasonable.

The nature of the fire fairly justifies the conclusion that it resulted from contact with some highly inflammable material. Decedent's duties brought him in contact with gasoline and gasoline operated equipment.

We recognize the rule that inferences cannot be based upon conjecture, surmise, or mere possibility. But

neither must they always be based upon direct evidence but may spring from the circumstances surrounding the event. *Czuczko* v. *Golden-Gary Co., Inc.* (1932), 94 Ind. App. 47, 177 N. E. 466, 179 N. E. 19; *Capital Paper Co.* v. *Conner* (1924), 81 Ind. App. 545, 144 N. E. 474; *Nat'l-Helfrich, etc., Co.* v. *Collar* (1939), 107 Ind. App. 225, 23 N. E. (2d) 620; *Fisher* v. *City of Decatur* (1934), 99 Ind. App. 667, 192 N. E. 844.

The burden is upon the claimant to establish a causal connection between the employment and the accident, but that connection may be established, as in this case, by the type of accident taken in connection with the nature of the employment. Where the nature of the employment creates risks of the type which would logically result in the kind of accident which occurred, the causal connection is reasonably inferable.

Award affirmed with the statutory five per cent increase.

NOTE.—Reported in 33 N. E. (2d) 357.