AMERICAN SECURITY COMPANY *v.* MINARD

[No. 17,723.   Filed March 9, 1948.   Rehearing denied May 14, 1948.]

*Davis & Schaefer,* of Goshen, and *Jones, Obenchain & Butler,* all of South Bend, attorneys for appellant.

*Mehl & Mehl,* both of Goshen, attorneys for appellee.

BOWEN, P. J.—This is an appeal from an award of the full Industrial Board granting compensation to the appellee as the sole dependent of Fred M. Minard, who was an employee of the appellant at the time of his death.

The issues were formed by appellee's application for compensation, and an answer filed by appellant alleging that the death of Fred M. Minard did not occur by reason of an accident arising out of and in the course of his employment by the defendant, and a further special answer alleging that such death was a result of a self-inflicted injury which is not before us in this appeal.

The single error assigned is that the award of the full Industrial Board is contrary to law. Appellant by his Propositions, Points, and Authorities claims that the award is based on incompetent hearsay evidence admitted and considered by the Board over the objection of the appellant and that the award is contrary to law in that the evidence fails to support a reasonable

inference that the injury arose out of and in the course of his employment.

The facts showed that the death of decedent 'was caused by a collision between a motor vehicle which he was driving and a New York Central Railroad train; that he was secretary-treasurer and general manager of the American Security Company at Goshen, Indiana, and had charge of the affairs of the company. Minard's work with the company consisted of the matter of making loans, receiving applications, inspecting for loans, effecting collections and doing everything necessary in connection with such loans. He was furnished a car by the company which he also used for his own pleasure. After business hours, at least two times each week, he went to effect collections, make inspections, or repossess property and his wife accompanied him on many of these trips. The evidence shows that two days prior to the time of his accidental death, he had made such trip in the company of his wife, taking with him the account cards of respective debtors upon whom he called, and on this occasion he tried to find the house of one Charles Ohlwine in or near Millersburg, Indiana.

The alleged hearsay evidence which was admitted and considered by the Board over the objection of appellant and which action is assigned as error consists in part of the testimony of his wife on the occasion of this trip to the Ohlwine home. Her testimony was: "He said he placed his card which he always carried in the door, which was the same as a notice, and if they could not come in, I will have to come back after work for collection."

The other hearsay evidence, the admission of which over the objection of appellant is assigned as error, consisted of the statements of a friend of decedent, a

Mrs. James Pepple, of a conversation had with decedent after 5:30 p.m. on May 17, 1945, which was about an hour prior to the decedent's death. This testimony of Mrs. Pepple was as follows: "I asked him if Della was home and he said she wasn't; I asked him if he could come for a game of bridge, and he said he had to go on a business drive, and then was going to Nappanee after Mrs. Minard; we always kidded a little and talked to each other. That was all, and I think, it I may say."

It seems that our courts in the shadowy borderland of exception to the hearsay rule of evidence have laid out a path which is dim, but nevertheless plain enough that we feel constrained to follow it, which make such declarations of the existence of a particular intention made contemporaneous with, or immediately preparatory to, a particular litigated act, admissible as evidence which tends to illustrate and give character to such act. *Burr* v. *Smith* (1898), 152 Ind. 469, 53 N. E. 469; *Hinchcliffe* v. *Koontz* (1889), 121 Ind. 422, 23 N. E. 271; *Koenig* v. *Bryce* (1932), 94 Ind. App. 689, 180 N. E. 682; *Bakers Consulting Bureau* v. *Julian* (1936), 103 Ind. App. 218, 6 N. E. 2d 737.

In *Koenig* v. *Bryce, supra,* the court refers to the rule with citations in the following language:

"In the case of *Mutual Life Ins. Co.* v. *Hillmon* (1892), 145 U. S. 285, 36 L. Ed. 706, the Supreme Court of the United States in discussing evidence of this character said: 'A man's state of mind or feeling can only be manifested to others by countenance, attitude or gesture or by sounds or words, spoken or written. The nature of the fact to be proved is the same, and evidence of its proper tokens is equally competent to prove it, whether expressed by aspect or conduct, by voice or pen. When the intention to be proved is important only as qualifying an act, its

connection with that act must be shown, in order to warrant the admission of declarations of the intention. But whenever the intention is of itself a distinct and material fact in a chain of circumstances, it may be proved by contemporaneous oral or written declarations of the party.

" 'The existence of a particular intention in a certain person at a certain time being a material fact to be proved, evidence that he expressed that intention at the time is as direct evidence of the fact, as his own testimony that he then had that intention would be. After his death there can hardly be any other way of proving it; and while he is still alive, his own memory of his state of mind at a former time is no more likely to be clear and true than a bystander's recollection of what he then said. . . .' The rule as thus stated is of long standing and is recognized as the law in this state. . . ."

In *Bakers Consulting Bureau* v. *Julian, supra,* it is stated:

"In our examination of the record we observed that the board member who heard the evidence on this application on motion of appellant, struck out certain evidence given by appellee relative to the purpose of her deceased husband as stated by him when, or immediately prior to the time he started on the trip by automobile which ended with his death. The evidence was competent and material. . . ."

The case of *Asbestos Insulating & Roofing Co.* v. *Schrock* (1943), 114 Ind. App. 177, 51 N. E. 2d 395, which is contrary to the rules announced in the foregoing cases, is hereby overruled.

The alleged hearsay evidence of Mrs. James Pepple was a statement of decedent's intention made contemporaneously with and approximately one hour prior to the death of decedent. Also, the testimony of his wife who accompanied him on the

business trip two days before his death to the Ohlwine home of his declaration of intention to return was in legal import contemporaneous with the act in question; such evidence, while not in itself of great probative value, we feel, under the rule of our decisions, was competent and material.

Upon a basis of the rule as announced in the adjudicated cases, *supra,* considered in connection with all of the facts and circumstances of the instant case, including the facts that the decedent, at the time he was struck by the train at a grade crossing, was traveling in the company car in the direction of the former Ohlwine home with a record card on his person belonging to appellant company which related to the Ohlwine loan, and the absence of other facts and circumstances sufficient to establish a reasonable basis for any alternative inference that he was engaged in any other enterprise than the regular course of his employment, established a consistent chain of circumstances from which the Industrial Board was justified in concluding that he was acting within the course of his employment at the time of the accident in question, and we feel that considering such evidence, the award was not based upon mere guess, conjecture, surmise or possibility.

We feel that there is sufficient evidence to justify the Board in finding that the accidental injury causing appellant's death arose out of and in the course of his employment.

Award affirmed.

ROYSE, J., on account of illness did not hear argument or participate in decision of this case.

NOTE.—Reported in 77 N. E. 2d 762.