**Ervin Elwood WAGNER**

v.

**UNITED STATES of America and Iva Wagner.**

**Civil Cause No. 2069.**

United States District Court
N. D. Indiana,
South Bend Division.

July 5, 1957.

James E. Keating, South Bend, Ind., for plaintiff.

Kenneth Raub, Asst. U. S. Atty., Gary, Ind., for United States.

Shepard J. Crumpacker, Jr., and George N. Beamer, South Bend, Ind., for Iva Wagner.

PARKINSON, District Judge.

This is an action on a National Service Life Insurance policy wherein the plaintiff, Ervin Elwood Wagner, the father of the insured, claims the proceeds as the beneficiary designated by the insured in his policy application, and the defendant Iva Wagner, the widow of the insured, claims the proceeds by reason of a change of beneficiary alleged to have been made by the insured on June 28, 1952, after their marriage on June 8, 1952. The defendant United States of America stands ready to make payment to whomever the court finds to have been the beneficiary at the time of the death of the insured on September 9, 1954.

Trial was to the court, a jury having been waived by the parties, and it is the question as to whether the insured did or did not change the beneficiary of the policy to his wife which now solicits the decision of this court.

The admitted facts are that on September 22, 1950, while he was in the military service of the United States and unmarried, LaVierre Wagner made written application for a $10,000 National Service Life Insurance policy designating his father, the plaintiff, as beneficiary and Policy No. V14569255 was issued accordingly. On June 8, 1952, LaVierre Wagner and Iva Wagner, the defendant and cross-claimant, were married and were husband and wife on September 9, 1954, when the insured, LaVierre Wagner, committed suicide and while said policy was in full force and effect.

The National Service Life Insurance Act, Title 38 U.S.C.A. § 801 et seq., was enacted in 1940 and pursuant thereto the Administrator of the Veterans Administration promulgated a regulation as to change of beneficiary by an insured, the applicable part of which reads as follows:

"A change of beneficiary to be effective must be made by notice in writing, signed by the insured and forwarded to the Veterans Administration by the insured or his agent, and must contain sufficient information to identify the insured."

and although the regulation has been changed in some particulars, at least since October 16, 1942 the quoted portion has remained unchanged and, therefore, the controlling cases on the issue before this court have been decided during the period when the quoted portion of the regulation was in effect. We recognize that the regulation of the Veterans Administration on change of beneficiary as to United States Government Life Insurance has been changed and is today different than originally promulgated but it applies to insurance issued under the War Risk Insurance Act, 38 Stat. 711 and World War Veterans' Act, 1924, 38 U.S.C.A. § 421 et seq., and has no application to insurance issued under the National Service Life Insurance Act, with which we are here concerned.

A lengthy review of all of the cases on the subject would serve no useful purpose and is unnecessary because Chief Judge Duffy, speaking for our Seventh Circuit Court of Appeals in Criscuolo v. United States (Linde), 1956, 239 F.2d 280, quotes with approval from Prose v. Davis, 7 Cir., 1949, 177 F.2d 478, 481, and lays down the proper rule of law as follows:

"Variously stated, many courts have adopted the rule that in cases involving change of beneficiary in military service insurance policies they will brush aside legal technicalities in order to effectuate the manifest intent of the insured, and if the insured has expressed an intention to change the beneficiary originally named in his policy and done an affirmative act to effectuate the change, leaving only ministerial acts to be performed by the insurer, they will treat as done that which should have been done and give effect to his intent."

The undisputed evidence, in addition to the admitted facts, discloses that on June 25, 1952 LaVierre Wagner was separated from the service at Fort Leonard Wood, Missouri with an honorable discharge and he and his wife returned to Indiana the following day; that they went to live with the wife's parents, Mr. and Mrs. Harold Van Doren, on Rural Route 2 out of Akron, Indiana, and they made their home there for some three or four months; that on June 27, 1952 they went into Rochester, Indiana, the county seat of Fulton County, and went to the office of Otis I. Minter, the Fulton County Service Officer for Veterans Affairs, and LaVierre Wagner told him he wanted to change his beneficiary to his wife and asked him if could obtain a government loan and if he could change the beneficiary on his insurance with the answer given that he could; that the following morning, June 28, 1952, at the breakfast table in the Van Doren home, Iva Wagner wrote a letter to the Veterans Administration in the presence of LaVierre Wagner and at his request and direction identifying his National Service Life Insurance policy, and requesting change of beneficiary to his wife and signed his name, which LaVierre Wagner read and it was then mailed; that on July 21, 1952 the Veterans Administration replied acknowledging the requested change and informing the insured that no further action was necessary, which was received and LaVierre Wagner saw it and was aware of its contents.

There is no question whatsoever that if LaVierre Wagner had signed the letter of June 28, 1952, a change of beneficiary would have been effected making his wife such beneficiary. The core question is whether the letter of June 28, 1952, having been written by Iva Wagner in the presence and at the request and direction of LaVierre Wagner, was as effective as if LaVierre Wagner had written and signed it himself.

As to whether Iva Wagner's testimony of the conversation she had with her husband at the breakfast table in the Van Doren home, where they were then

living, was admissible under the rule in Zoludow v. Keeshin Motor Express, Inc., 109 Ind.App. 575, 34 N.E.2d 980, to establish agency, or whether she was competent to testify as to the declarations made by the insured to her at that time and were admissible under American Security Co. v. Minard, 118 Ind.App. 310, 77 N.E.2d 762, is not material to a decision of the issue here because Harold and Mary Van Doren both testified to what was there said and done without objection and their evidence clearly establishes the fact that Iva Wagner wrote and signed her husband's name to Defendant's Exhibit No. 1 in his presence and at his request and direction, and when she did so it was the act and deed of LaVierre Wagner just the same as if he had written and signed the letter himself. This is particularly true when their evidence is silhouetted against the backdrop of the evidence of Otis Minter of the expressed intention of the insured to him to change his beneficiary to his wife the previous day, that the insured disliked to write letters and sign his name and his wife handled all of the business for both of them, and the natural inclination of any newly married man to favor and make provision for his wife.

This court is, therefore, convinced by a preponderance of the evidence introduced without objection that on June 28, 1952, LaVierre Wagner sincerely wanted to change the beneficiary of his National Service Life Insurance Policy No. V14569255 to his wife, Iva Wagner, that such was his express intention and that the letter of that date was written and signed by Iva Wagner in his presence and at his specific request and direction and was his act and deed just as if he had written and signed the letter himself and effectuated a change of beneficiary to his wife as of that date.

This court is not unmindful of the testimony concerning the marital difficulties of the insured and his wife commencing in the latter part of 1953 and of the declarations made by the insured a few days prior to his death. However,

this court observed all of the witnesses as they testified and believes it is able to judge their credibility and the weight which should be given to their testimony, and from the evidence in this record it is apparent that LaVierre Wagner was a mentally confused young man for some time prior to the taking of his own life on September 9, 1954, which is a logical explanation for the statements then made by him, if they were actually made.

Not only is this court confirmed in its opinion that under the evidence the insured conclusively effectuated a change in the beneficiary of the policy in suit to his wife on June 28, 1952; that he made no attempt to effectuate any further change thereafter, and at the time of his death Iva Wagner was the lawful beneficiary, but believes that if the voice of LaVierre Wagner could have been heard upon the trial of this cause he would have testified that he did change the beneficiary to his wife and he would want her to have the proceeds of the policy.

Findings of fact and conclusions of law in accord with this opinion are filed herewith and the clerk is ordered to enter judgment accordingly at the costs of the plaintiff.